PETERS ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* OHIO STATE
LOTTERY COMMISSION, APPELLEE AND CROSS-APPELLANT.

[Cite as *Peters v. Ohio State Lottery
Comm.* (1992), 63 Ohio St.3d 296.]

(No. 91–331—Submitted January 15, 1992—Decided March 25, 1992.)

*Ross F. Sprague,* for appellants and cross-appellees.

*Lee I. Fisher,* Attorney General, *Simon B. Karas* and *Christopher C. Keller,* for appellee and cross-appellant.

ALICE ROBIE RESNICK, J. Appellants advance several arguments in support of their position that they are entitled to the unclaimed prize money from the drawings for which they selected the winning numbers. Additionally, appellants assert that the Court of Claims erred when it allowed into evidence certain computer records over their hearsay objection. In its cross-appeal, the lottery commission renews its argument that the Court of Claims should have disqualified appellants' counsel. We shall address these issues seriatim.

I

Appellants contend that the terms of a contract for the sale of a lottery ticket between the State Lottery Commission and its customer consist of those terms that appear on the face of the subject lottery ticket. Appellants also argue that the lottery commission violated the Consumer Sales Practices Act (R.C. Chapter 1345) by failing to disclose in its promotional material a limitation on the manner in which jackpot money would be distributed. Appellants also assert that the lottery commission did not notify its customers of any rules or regulations that might reduce the jackpot awards by a portion thereof being kept as an "unclaimed prize."

A common theme permeates appellants' assertions as set forth above. Each argument relies on the lack of adequate notice of the lottery's rules and regulations to support the contention that the appellants are entitled to the

unclaimed portion of the drawings wherein they selected the winning numbers. In support of their contract theory, appellants argue that the rules contained on the ticket and betting card do not indicate any limit on the jackpot award. Similarly, as to the consumer fraud claim, appellants posit that none of the lottery advertisements contains adequate and proper notice of how the lottery's rules dictate the manner in which unclaimed prizes are to be handled. However, appellants mistakenly contend that the rules and regulations of the lottery commission alone control the distribution of any unclaimed prize money.

R.C. 3770.07 provides statutory authority which determines the manner in which prize money is awarded, how unclaimed prize money is disbursed, and where these funds are to be deposited. R.C. 3770.07 states in part:

"(A) Lottery prize awards shall be claimed by the holder of the winning lottery ticket, * * * within one year of the date on which such prize award was announced. Except as otherwise provided in division (B) of this section, if no valid claim to the prize award is made within the prescribed period, the prize money * * * shall be returned to the state lottery fund and distributed in accordance with section 3770.06 of the Revised Code.

" * * *

"(B) * * *

"There is hereby established in the state treasury the unclaimed lottery prizes fund, to which *all unclaimed prize awards* shall be transferred. * * * " (Emphasis added.)

Under our interpretation of this statute, the lottery commission is mandated by law to deposit any and all unclaimed prize money into the Unclaimed Lottery Prizes Fund and to distribute the monies pursuant to R.C. 3770.06. Appellants do not, and indeed cannot, claim that they lacked notice of this statutory requirement.

Appellants' contentions must fail for yet other reasons. All parties to this action agree that the sale and purchase of a lottery ticket are governed by contract law. See Annotation (1985), 40 A.L.R. 4th 662. The lottery card on which a player chooses the numbers he or she wishes to play contains the following language: "UPON PURCHASE OF A TICKET, PLAYERS AGREE TO ABIDE BY ALL RULES AND REGULATIONS OF THE OHIO LOTTERY COMMISSION." As the court of appeals correctly noted, appellants agreed to be bound by all the rules and regulations of the lottery commission. Hence, appellants cannot now claim they were unaware of the rules and regulations pertaining to the distribution of unclaimed prize money.

Moreover, appellants readily admit that had they known they were entitled to only that portion of the total jackpot corresponding to the number of winning tickets sold, both would have played the lottery anyway. In fact, appellants concede that they played the lottery on a regular basis. Therefore, appellants cannot now claim any detrimental reliance on the advertising or promotional devices employed by the lottery commission. For these reasons, we reject appellants' argument that they are entitled to the unclaimed half of their respective drawings.

Appellants also assert that the Court of Claims erred in admitting certain computer records of the lottery commission into evidence over their hearsay objection. Conversely, the lottery commission argues that the computer records properly fall within the business-record exception for hearsay under Evid.R. 803(6). The admission of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon the showing of an abuse of that discretion. *Renfro v. Black* (1990), 52 Ohio St.3d 27, 32, 556 N.E.2d 150, 155. See, also, *National City Bank v. Fleming* (1981), 2 Ohio App.3d 50, 56, 2 OBR 57, 63, 440 N.E.2d 590, 598 (admissibility of business records pursuant to Evid.R. 803[6] rests within sound discretion of trial court and determinations thereunder will not be reversed absent a clear abuse of discretion).

Evid.R. 803 provides as follows:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

" * * *

"(6) * * * A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness * * *, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. * * * "

The record in the present case adequately demonstrates that the computer records admitted into evidence were kept in the regular course of business and were compiled as a regular practice by a person with actual knowledge. Moreover, the records may be kept "in any form." Upon considering the arguments of the parties and the record in this case, we find no abuse of discretion on the part of the Court of Claims in allowing the computer records into evidence.

Appellants also contend that these computer records are so untrustworthy as to be inadmissible. However, there was no evidence presented that the

lottery commission's computer either malfunctioned or otherwise produced unreliable information on the dates in question, *i.e.*, when appellants selected the winning numbers in the respective drawings. In the absence of some evidence on this point, we again find no abuse of discretion in allowing the computer records into evidence.

## II

In its cross-appeal, the lottery commission argues that the Court of Claims erred in not disqualifying appellants' counsel because such counsel was at one point a deputy director of the lottery commission, and also was instrumental in formulating the rules and regulations under which the lottery operates. The lottery commission also asserts that counsel's participation could lead to a violation of certain Disciplinary Rules, *i.e.*, DR 9–101(B), 5–101(B) and 5–102(B).

However, the court of appeals correctly assessed this argument when it stated: " * * * [Counsel's] prior connection goes only to his legal expertise in the area and his ability to represent * * * [appellants]. No unfair advantage as to factual or confidential matters prejudicial to the state [is] involved." Because there has been no showing that the lottery commission was prejudiced, and because appellants' counsel was not called as a witness, the lottery commission's argument is without merit.

The judgment of the court of appeals is hereby affirmed in all respects.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.