**WOODBRIDGE PARTNERS GROUP, INC. et al., Appellants and Cross–Appellees,**

v.

**OHIO LOTTERY COMMISSION et al., Appellees and Cross–Appellants.**

[Cite as *Woodbridge Partners Group, Inc. v. Ohio Lottery Comm.* (1994), 99 Ohio App.3d 269.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 94APE06–872, 94APE06–923.

Decided Dec. 15, 1994.

---

*Overly, Spiker, Chappano & Wood, Perry M. Chappano* and *Lee M. Wood,* for appellants and cross-appellees Woodbridge Partners Group, Inc. and David F. Banks.

*Lee Fisher,* Attorney General, and *Daniel A. Malkoff,* Assistant Attorney General, for appellees and cross-appellants Ohio Lottery Commission and Virgil Brown.

---

Close, Judge.

Appellants/cross-appellees, Woodbridge Partners Group, Inc. ("Woodbridge") and David F. Banks, appeal from the decision of the Franklin County Court of Common Pleas, awarding summary judgment in favor of appellees/cross-appellants, Ohio Lottery Commission, Virgil E. Brown, and John Does One through Ten.

The underlying facts are as follows: On September 14, 1991, Banks won $1,600,000 in the Ohio Super Lotto. On September 16, 1991, Banks claimed his prize and elected to receive twenty annual disbursements of $62,000, as opposed to a lump sum of cash. Thereafter, seeking immediate receipt of a portion of his winnings, Banks entered into a written contract with Woodbridge, whereby Banks assigned his right to eight consecutive disbursements in exchange for a single cash payment. Specifically, Woodbridge agreed to pay Banks $250,000 immediately for the right to receive disbursements totalling $496,000.

On October 12, 1993, Banks and Woodbridge filed the underlying action, seeking approval of the assignment. Specifically, Woodbridge sought an order establishing the enforceability of the assignment contract, and further directing the Lottery Commission and its director to pay the assigned disbursements to Woodbridge directly. Both sides filed cross-motions for summary judgment. On May 2, 1994, the trial court awarded summary judgment in favor of the Lottery Commission and its director. In response, appellants filed a timely notice of appeal. On June 24, 1994, appellees/cross-appellants likewise filed a notice of cross-appeal.

First addressing the merits of the direct appeal, appellants/cross-appellees raise the following assignments of error:

"First Assignment of Error

"The trial court erred in granting summary judgment in favor of the appellees/cross-appellants.

"Second Assignment of Error

"The trial court erred in failing to grant appellants/cross-appellees' motion for summary judgment."

For the reason that the assignments of error challenge only the trial court's award of summary judgment, they will be considered and addressed together.

Initially, we note that our standard of review is governed by Civ.R. 56(C), which provides, in part, as follows:

"A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

As a threshold matter, summary judgment will not lie unless the movant establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25, 50 O.O.2d 47, 254 N.E.2d 683. The nonmovant, however, is required to come forward and demonstrate affirmatively the facts which would entitle him to relief. *Baughn v. Reynoldsburg* (1992), 78 Ohio App.3d 561, 563, 605 N.E.2d 478, 480, construing *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

In the instant case, our review focuses on whether the common pleas court could have ordered that prize winnings from the Lottery Commission be disbursed directly to a third-party pursuant to an assignment contract. To answer this question, our analysis begins with an interpretation of former R.C. 3770.07(A), which read, in part, as follows:

"No right of any person to a prize award shall be assignable, except as provided in section 3113.21 of the Revised Code and [except] that payment of any prize award may be made to the executor or administrator of the estate of a winning ticket holder, any person may be awarded a prize award to which another is entitled pursuant to the order of a court of competent jurisdiction, or the director may act pursuant to section 3770.071 of the Revised Code." Am.Sub. H.B. No. 477, 143 Ohio Laws, Part III, 5316, 5322.

Quite simply, R.C. 3770.07(A) prohibits the assignment of the right to collect lottery winnings absent an enumerated exception. In awarding summary judgment, the trial court acknowledged this general rule, but further stated that, although R.C. 3770.07(A) permits some judicially approved assignments, Banks impliedly agreed to fall outside any exception when he purchased and redeemed the lottery ticket. Specifically, the trial court found that, because the ticket specified that "tickets, drawings and prizes are subject to the Rules and Regulation of the Ohio Lottery Commission," Banks consented to be bound by those rules when he purchased the ticket and, ultimately, claimed his prize.

The trial court's determination is supported by *Peters v. Ohio State Lottery Comm.* (1992), 63 Ohio St.3d 296, 587 N.E.2d 290, wherein the Ohio Supreme Court found that the sale and purchase of lottery tickets are governed by general

principles of contract law. Thus, ticket holders, by their purchase and redemption, agree to be bound by the terms of the game. *Id.* at 298, 587 N.E.2d at 292. In *Peters,* as in the instant case, the ticket contained language requiring compliance with the rules and regulations of the Lottery Commission. Further, it is undisputed that lottery players are on notice of the rules which are set forth in the Ohio Administrative Code.

Of particular importance is the Lottery Commission rule set forth in Ohio Adm.Code 3770:1–8–04(A), which provides, in part, as follows:

"Payment to be made to claimant.

"Prizes shall be claimed in the name of the holder or holders of the ticket. After validation, payment of prize awards shall be made promptly to *the person in whose name the claim is made.*" (Emphasis added.)

This rule was implemented as an extension of R.C. 3770.07(A). As an embodiment of the statutory intent of R.C. 3770.07(A), the rule has the full force and effect of the statute itself. Recognizing this, the court in *Meyers v. State Lottery Comm.* (1986), 34 Ohio App.3d 232, 517 N.E.2d 1029, correctly noted that, in implementing the legislative intent of the statute, the rule does not authorize disbursement to anyone other than the claimant. Specifically, the *Meyers* court stated, "Nowhere in the above-cited section of the Ohio Administrative Code [3770:1–8–04] do we find that the State Lottery Commission is authorized to disburse prize money to anyone other than the person in whose name the claim is made." *Id.* at 234, 517 N.E.2d at 1031.

It is axiomatic that administrative rules are valid unless they are unreasonable, or in clear conflict with the statutory intent of the legislation governing the subject matter. When the potential for conflict arises, the proper subject for determination is whether the rule contravenes an express provision of the statute. See *Carroll v. Dept. of Admin. Services* (1983), 10 Ohio App.3d 108, 10 OBR 132, 460 N.E.2d 704; *Kelley v. Accountancy Bd. of Ohio* (1993), 88 Ohio App.3d 453, 624 N.E.2d 292. In the instant case, we find no such conflict. R.C. 3770.07(A) requires that the Lottery Commission disburse payments directly to a claimant absent judicial intervention. The rule likewise requires the payment of winnings to the "person in whose name the claim is made."

Having acknowledged the propriety of the rule to which Banks was voluntarily bound, the Lottery Commission is correct in its position that Banks's prize was not directly assignable. Appellants, however, argue that the common pleas court possessed the statutory authority to except them from the rule by a judicial order. Specifically, appellants argue that the R.C. 3770.07(A) language allowing assignment to *"any person * * * pursuant to the order of a court of competent jurisdiction"* (emphasis added) authorizes the common pleas court to

circumvent the prohibitive rule. While this may be true, there is certainly nothing in the statute that requires a court to authorize the assignment of a prize award.

While we will not address the law on facts not before this court, it is not even clear that the legislature intended for courts to permit voluntary assignments any time there is an application for a judicial order. In fact, such sweeping authority would frustrate the intent of the statute, which was clearly implemented for the protection of claimants. This intent was recognized in *Meyers*, wherein the court held that judgment creditors could not make an application for assignment and be granted an assignment over the wishes of the rightful winner. However, we do not find that the language relied on by appellants has no purpose or effect. Rather, we can conceive of several instances where such judicial authority may be exercised without frustrating the purpose of the statute. For instance, the clause at issue could be properly construed to allow recovery of an award which has been fraudulently collected contrary to the legal interest of the true ticket holder. It could also be construed to allow assignments to judgment creditors with the claimant's consent.

Notwithstanding, as the rule in question supplemented and enforced R.C. 3770.07(A), and as there is no prohibition against a trial court's refusal to authorize an assignment, we will not herein require trial courts to permit such assignments merely because an application is made. To do so would frustrate the relevant provisions of R.C. 3770.07. Accordingly, the direct appeal is overruled.

By their cross-appeal, appellees likewise challenge the trial court's interpretation of R.C. 3770.07(A), and the applicable administrative rule, by raising the following assignment of error:

"The trial court committed reversible error by interpreting R.C. 3770.07(A) as permitting a lottery prize winner to voluntarily assign prize winnings with court approval."

By their single assignment of error, appellees take issue with dicta contained in the trial court's decision, arguing that the challenged dicta compromise the general prohibition against assignments contained in R.C. 3770.07(A). Appellees urge that exceptions to the rule must be strictly construed in favor of prohibiting assignments.

In essence, appellees challenge only the trial court's interpretation of R.C. 3770.07(A). That same interpretation was the focus of our review in the direct appeal. Therefore, appellees' cross-appeal is overruled for the same reasons set forth above. Upon a reading of the law and applicable administrative rules, and a careful review of the record, we find that the trial court acted properly in its interpretation and application.

For the foregoing reasons, appellants' assignments of error are overruled, and appellees' assignment of error is likewise overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.