OPINION
Appellant Ohio Department of Human Services (ODHS) appeals from the April 23, 1999, Judgment Entry of the Richland County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
In November of 1979, Saundra Keene and her husband, Virl D. Keene, who is now deceased, brought appellee Monica Keene from El Savador to their home in the United States for adoption. The Keene's adoption of appellee was finalized on July 16, 1981. At the time of the adoption, appellee had special needs, including cerebral palsy, that were not disclosed to the Keenes prior to appellee's adoption. Nor were the Keenes advised of the availability of adoption assistance. After Virl Keene died on November 3, 1997, Saundra Keene filed an application for Title IV-E retroactive adoption assistance benefits with the Richland County Department of Human Services. Saundra Keene specifically sought benefits retroactive to the date of appellee's adoption on July 16, 1981. Pursuant to a notice mailed on April 10, 1998, the Richland County Department of Human Services denied Saundra Keene's application for Title IV-E retroactive adoption assistance since "[a]pplication for this program has to be made before adoption is finalized. In checking our records the finalization date for Monica [appellee] is 7-16-81." Saundra Keene then requested a hearing before a hearing officer to challenge the denial of her application for adoption assistance. A state hearing was held on July 14, 1998. Pursuant to a decision issued ten days later, the state hearing officer overruled Saundra Keene's appeal, holding, in part, as follows: "OAC Rule 5101:2047-341 states:
(A) The adoptive child's eligibility for adoption assistance (AA) shall be considered after the final decree of adoption, the child shall be considered eligible for AA, and the PCSA [Public Children Services Agency] shall negotiate an agreement for AA with the adoptive parents in accordance with the provisions of rules5101:2-47-11 and 5101:2-47-47 of the Administrative Code if all of the following conditions are met: . . .
(3) The final decree of adoption was issued on or after October 1, 1982. . . .
The record developed at the hearing establishes that the appellant adopted her daughter on 7/16/81. The Title IV-E program was created by Public Law 96-272 in 1980. 42CFR sub-section 671(a)(14) mandated that the public law become a state law on or before 10/1/82 commencing with the fiscal year which begins 10/1/83. The appellant adopted her daughter after the 1980 public law was passed but before the state implemented the law on 10/1/82. The Hearing Officer is bound by the 10/1/82 state implementation date and thus can not order a reconsideration. However, the appellant was informed of her appeal rights at the hearing and is hereby advised within."
Thereafter, Saundra Keene, via a letter dated August 6, 1998, requested an administrative appeal of the state hearing decision issued on July 24, 1998. The Administrative Hearing Examiner, in her August 25, 1998, decision affirming the state hearing decision, held as follows: "Ohio Administrative Code (OAC) 5101:2-47-341 provides the criteria for the reconsideration of AA (Adoption Assistance) after there has been the final decree of adoption. This rule states that the child shall be considered eligible for AA and the public children services agency shall negotiate an agreement for AA if all of the stated conditions in the rule are met. The text of the rule is correctly cited by the hearing officer in the state hearing decision.
One of the requirements under the rule is that the final decree of adoption must have been issued on or after October 1, 1982. It was undisputed at the hearing that Appellant's [appellee's in the case sub judice] final decree of adoption was issued on July 16, 1981. The July 16, 1981, issuance date of the final decree of adoption occurred before October 1, 1982. Since the final decree of adoption in this case was not issued on or after October 1, 1982, the agency correctly denied the application. Unfortunately, the agency is bound by the October 1, 1982 state implementation date as indicated in the rule and therefore can not reconsider [appellee's] eligibility for AA."
On September 24, 1998, Saundra Keene filed a notice of appeal in the Richland County Court of Common Pleas. Thereafter, both parties filed briefs. The trial court, pursuant to a Judgment Entry filed on April 23, 1999, reversed the Administrative Hearing Officer's August 25, 1998, decision, finding that upon consideration of the entire record, such decision "was not supported by reliable, probative and substantial evidence and is not in accordance with law." The trial court further ordered appellant ODHS to grant Saundra Keene's adoption assistance benefits for appellee pursuant to the application filed by Saundra Keene. It is from the trial court's April 23, 1999, Judgment Entry that appellant ODHS prosecutes its appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN RULING THAT PURSUANT TO OHIO ADMINISTRATIVE CODE (OAC) 5101:2-47-341, ADOPTION ASSISTANCE (AA) PAYMENTS SHOULD BE MADE TO THE APPELLEE FOR A FINAL DECREE OF ADOPTION ISSUED BEFORE OCTOBER 1, 1982.
Appellant, in its sole assignment of error, challenges the trial court's award of retroactive adoption assistance payments to appellee. Appellant specifically maintains that the trial court erred in ruling that, pursuant to O.A.C. 5101:2-47-341, retroactive adoption assistance payments should be made to appellee when the final decree of adoption in appellee's case was issued prior to October 1, 1982, rather than on or after such date. We agree. In reviewing an order of an administrative agency, a reviewing court must determine whether the trial court abused its discretion in finding that the order of the administrative agency was supported by reliable, probative, and substantial evidence and in accordance with law. Payne v. Ohio Dept. of Human Services (1997), 123 Ohio App.3d 341, 343. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. On August 25, 1998, the Ohio Department of Human Services issued a decision denying appellee's request for adoption assistance payments retroactive to July 16, 1981, the date the appellee and her husband adopted Monica. The trial court concluded, without explanation, that the decision of the Ohio Department of Human Services was not supported by reliable, probative and substantial evidence and was not in accordance with the law. Thus, the trial court ordered that retroactive adoption assistance be paid to appellee. Appellant argues that O.A.C. 5101:2-47-341(A)(3) is valid and enforceable. Appellee concedes that if O.A.C. 5101:2-47-341(A)(3) is valid, then Monica Keene is not entitled to benefits, but argues that O.A.C. 5101:2-47-341(A)(3) is not valid because it is in conflict with the statute under which it was promulgated. We find that O.A.C. 5101:2-47-341(A)(3) as applied in the case sub judice is consistent with the statute under which it was promulgated and is, therefore, valid. Pursuant to federal case law, regulations must be consistent with the statute under which they are promulgated in order to be valid. U.S. v. Larionoff (U.S. Dist. Col. 1977) 97 Supreme Ct. 2150, 431 U.S. 864, 53 Lawyers Edition 2d 48. Pursuant to State of Ohio case law "administrative rules are valid unless they are unreasonable, or in clear conflict with the statutory intent of the legislation governing the subject matter." Woodbridge Partners v. Ohio Lottery (1994), 99 Ohio App.3d 269, 273. "When the potential for conflict arises, the proper subject for determination is whether the rule contravenes an express provision of the statute." Woodbridge, pg. 273, (further citations omitted). O.A.C. 5101:2-47-341 was effective on September 1, 1992. The Ohio statute that gave the Department of Human Services the power to adopt that administrative regulation was R.C. 5101.14.1, effective in November of 1981. R.C. 5101.14.1(A) specifically gives the Department of Human Services authority to administer federal payments for adoption assistance and to "adopt rules to implement this authority." R.C. 5101.14.1 implemented the federal Adoption Assistance and Child Welfare Act of 1980 which was created with the passage of Public Law 96-272. 42 U.S.C. § 673 (Section 473 of Public Law 96-272) provides for adoption assistance for special needs children. 42 U.S.C. § 673 was effective on June 17, 1980. O.A.C. 5101:2-47-341 provided that adoption assistance could be obtained by adoptive parents, even if such assistance were applied for after the adoption was final, if certain criteria were met. One of those criteria was that the final decree of adoption had to have been issued on or after October 1, 1982. O.A.C. 5101:2-47-342 provided for a retroactive adoption assistance payment if a child was eligible under the O.A.C. 5101:2-47-341 criteria. These O.A.C. regulations address the inequity created between prospective adoptive parents who knew prior to adoption that they were eligible for adoption assistance and those who did not find out until after the adoption was final that they would have been eligible for adoption assistance if they had applied prior to the final decree of adoption. The statute in question is 42 U.S.C. § 673
(Section 473 of Public Law 96-272). Public Law 96-272 created the Adoption Assistance and Child Welfare Act of 1980, Title IV-E of the Social Security Act. The Adoption Assistance and Child Welfare Act provides, inter alia, federal adoption assistance to advance the adoption of special needs children. When 42 U.S.C. § 673 became effective on June 17, 1980, it provided in pertinent part the following:
 "(a)(1) Each State with a plan approved under this part shall, directly through the State agency or through another public or nonprofit private agency, make adoption assistance payments . . . to parents who, after the effective date of this section, adopt a child who — (A) . . . . (B) . . . . (C) has been determined by the State, pursuant to subsection (c) of this section, to be a child with special needs. (b) . . . . (c) For purposes of this section, a child shall not be considered a child with special needs unless — (1) the State has determined that the child cannot or should not be returned to the home of his parents; and (2) the state had first determined (A) that there exists with respect to the child a specific factor or condition (such as his ethnic background, age, or membership in a minority or sibling group, or the presence of factors such as medical conditions or physical, mental, or emotional handicaps) because of which it is reasonable to conclude that such child cannot be placed with adoptive parents without providing adoption assistance, and (B) that, except where it would be against the best interests of the child . . . . a reasonable, but unsuccessful, effort has been made to place the child with appropriate adoptive parents without providing adoption assistance under this section."
Based on the language of 42 U.S.C. § 673 set forth above, we conclude that adoption assistance for special needs children must be provided only if necessary to place the child in an adoptive home. That interpretation is also based on the purpose behind much of Public Law 96-272. That purpose is to move abused, neglected or dependent children, as quickly as possible, out of temporary foster care and either back into the home from which they were removed or into an adoptive home, whichever is appropriate under the circumstances. Public Law 96-272 was a major step in the effort to promote permanency planning for children. When a child placed is in a temporary foster care situation, the foster placement is not legally responsible for the child's financial support. That support comes from the child's parents and/or the government. However, upon adoption of that child, the adoptive parents become the child's parents and are legally responsible for the child. In the case of a special needs child, the loss of assistance to adoptive parents could be financially devastating to them and, thus, a disincentive to the adoption taking place.42 U.S.C. § 673, therefore, provides adoption assistance when that assistance is necessary to secure an adoptive permanent home for a special needs child. In the case sub judice, adoption assistance was not needed to make sure Monica was placed in a permanent home. Monica's adoptive parents went to Central America with the intent of finding a child to adopt. The Keenes brought Monica back to the United States and adopted her and willingly took responsibility for her support. Adoption assistance was not needed as an incentive to secure Monica's adoption by the Keene's. Since this assistance was not needed to secure Monica's adoption, Monica does not qualify for adoption assistance under 42 U.S.C. § 673. Therefore, we find that the state regulations used to implement Public Law 96-272 which deny retroactive adoption assistance for Monica are consistent with the federal statute they implement. In other words, we find O.A.C. 5101:2-47-341 and 342 to be valid, and we find that the denial of benefits in the case sub judice was consistent with the regulations. We thus find that the trial court abused its discretion when it concluded that the decision of the Ohio Department of Human Services was not supported by reliable, probative and substantial evidence and was not in accordance with the law. We concede that the O.A.C. regulations of ODHS provide that some individuals similarly situated to appellant receive retroactive adoption assistance because their adoptions were obtained at a later date. We also concede that that cut-off date results in retroactive adoption assistance being denied in the case sub judice for a severely disabled child whose mother wants to maintain the child at home. However, we cannot find that the regulations are inconsistent with the law. Appellant, ODHS, points out that 42 U.S.C. § 673 was amended by the Tax Reform Act of 1986. Appellant argues that the amended version should apply to the case sub judice and the amended version supports appellant's argument that retroactive adoption assistance should be denied in the case sub judice. However, we find that under either version of the statute, the definition of a special needs child is essentially the same. Therefore, since our analysis of the issue before us is based on that definition, it is unnecessary for us to determine which version of the statute is applicable.
For the foregoing reasons, the decision of the Richland County Court of Common Pleas is reversed and the matter is remanded for the trial court to enter judgment consistent with this opinion.
 ___________ Edwards, J.
Wise, P.J. Gwin, J. concurs.