OPINION
{¶ 1} Plaintiff-Appellant, the State of Ohio, brings this appeal from a Paulding County Common Pleas Court decision suppressing evidence obtained during two improperly executed field sobriety tests and testimony whereby the arresting officer concluded from the test results that Defendant-Appellee, Richard W. Wagner, had passed or failed the tests, was intoxicated or impaired, or that a specified number of persons would have a certain blood alcohol percentage. Because a suspect's conduct during and performance on individual components of improperly conducted field sobriety tests are inherently unreliable and must be excluded for purposes of reviewing probable cause to arrest and from the State's case-in-chief at trial, we reverse the trial court's decision only insofar as it appears to allow the admission of some evidence of Wagner's performance on improperly administered tests at trial.
 {¶ 2} Pertinent facts and procedural history relevant to issues raised on appeal are as follows. On December 8, 2001, Wagner was stopped by Trooper R.W. Gatchell of the Ohio State Highway Patrol for making a right and then left turn without signaling. Suspecting that Schmitt was under the influence of alcohol and/or drugs of abuse, Trooper Gatchell conducted three field sobriety tests, the Horizontal Gaze Nystagmus ("HGN"), the one-leg-stand, and the walk-and-turn test, and administered a portable breath test. Wagner was subsequently arrested for driving under the influence of alcohol and/or drugs of abuse, in violation of R.C. 4511.19(A)(1), and failing to use a turn signal, in violation of R.C. 4511.39. Wagner was then transported to the Defiance Highway Patrol Post, where he submitted to breath and urine testing. The breath test yielded a result of .084 grams of alcohol per 210 liters of breath. The urine test ultimately tested positive for the presence of marijuana metabolite and confirmed alcohol usage.
 {¶ 3} On December 17, 2001, Wagner entered a plea of not guilty and subsequently filed a motion to suppress all testimony at trial relative to the field sobriety tests. A suppression hearing was held on February 1, 2002. The State presented the testimony of Trooper Gatchell and two criminalists employed by the State Highway Patrol Crime Lab. By entry dated March 12, 2002, the trial court found that the BAC Datamaster used to conduct the breath test, having exceeded requisite tolerance limits, would be suppressed for both the issue of probable cause and as evidence at trial. Reviewing the field sobriety tests, the court found that the walk-and-turn and the one-leg-stand tests had not been administered in strict compliance with the procedures set forth by the National Highway Safety Administration ("NHTSA"). As a result, the court held that these tests could not be considered for probable cause purposes and that the State could not present testimony whereby the arresting officer concluded from those results that Wagner was intoxicated, impaired, or that a specified number of persons would have a certain blood alcohol percentage. The court then reviewed the remaining evidence and circumstances surrounding the traffic stop and concluded that probable cause supported the arrest. This appeal followed, with the State presenting the following two assignments of error for our consideration. Because the assigned errors are interrelated, they have been consolidated for purposes of review.
 Assignment of Error Number One {¶ 4} The Trial Court erred as a matter of law in partially granting the Defendant's Motion to Suppress and holding that the State would be precluded from presenting testimony at trial by the arresting trooper that the Defendant's performance on the field sobriety test indicated impairment and/or intoxication.
 Assignment of Error Number Two {¶ 5} The Trial Court abused its discretion by limiting the evidence which the State would be allowed to present relative to the Defendant's performance on filed sobriety tests when such evidence is admissible as lay opinion evidence pursuant to Evidence Rule 702.
 {¶ 6} We begin our discussion by noting that "the decision of whether or not to admit evidence rests in the sound discretion of the court and will not be disturbed absent an abuse of that discretion."[1]
Thus, this Court will not disturb the trial court's decision unless it is unreasonable, arbitrary, or capricious.
 {¶ 7} Relying upon the Ohio Supreme Court's pronouncement in Statev. Homan,[2] the trial court found that Wagner's performance of the field sobriety tests, which were not conducted in strict compliance with the NHTSA standards, was inherently unreliable.[3] When evidence such as this has been deemed inherently unreliable, as the Ohio Supreme Court determined it to be in Homan,[4] the danger of unfair prejudice to a defendant mandates exclusion of such evidence. As a result, the court held that the walk-and-turn and one-leg-stand tests were suppressed for purposes of probable cause and that any testimony at trial whereby Trooper Gatchell concluded from the test results that a specified percentage of persons would have a blood alcohol content over 0.10, or that Wagner was intoxicated, impaired, passed or failed the tests, would also be suppressed.
 {¶ 8} On appeal, the State does not argue that the field tests conducted by Trooper Gatchell complied with the standards established by the NHTSA. In so doing, the State effectively concedes that the tests were "inherently unreliable."[5] Nevertheless, the State seeks to admit those results at trial and to allow Trooper Gatchell and the jury to rely upon those results in formulating an opinion as to Wagner's level of intoxication. We recently held in State v. Schmidt,[6] however, that if the results of an improperly conducted test are deemed inherently unreliable pursuant to Homan, then the suspect's conduct during that test and performance on individual components of the test must be considered inherently unreliable as well.[7] Therefore, based upon the rationale underlying our pronouncement in Schmidt, we find that all evidence obtained during these tests should have been considered unreliable and excluded for purposes of reviewing probable cause to arrest and from the State's case-in-chief at trial.
 {¶ 9} Although the trial court's entry excluded testimony whereby the arresting officer concludes from the tests that Wagner passed or failed, had a certain blood alcohol content, or was intoxicated or impaired, it does not prevent admission of the evidence of his conduct during the tests at trial. Accordingly, we must reverse the decision of the trial court only insofar as it appears to allow submission of such evidence and remand the matter for further proceedings in accordance with this opinion.
Judgment affirmed in part, reversed in part and cause remanded.
SHAW, P.J., WALTERS and BRYANT, JJ., concur.
[1] Wightman v. Consolidated Rail Corp. (1999), 86 Ohio St.3d 431, 437
(citing Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296,299); see also State v. Sage (1987), 31 Ohio St.3d 173, 182.
[2] State v. Homan (2000), 89 Ohio St.3d 421, 732 N.E.2d 952.
[3] Id. at 424.
[4] Id.
[5] Id.; State v. Schmidt (Sept. 6, 2002), Mercer App. No. 10-01-16.
[6] Schmidt, supra.
[7] Id.; see, also, State v. Pingor (Nov. 20, 2001), Franklin App. No. 01AP-302.