OPINION
{¶ 1} This appeal is brought by Brent Upshaw ("Upshaw") from the judgment of the Court of Common Pleas of Logan County sentencing Upshaw to 15 months imprisonment for his conviction in trafficking in cocaine.
 {¶ 2} On March 1, 2002, a reliable confidential informant, Edith Robinson, working with the Logan County Sheriff's Department informed officers that she knew a black male from Springfield, Ohio would be selling crack cocaine at an address on Heritage Court in Bellefontaine, Ohio. The confidential informant had just come from that address where she learned that Upshaw, whose name was unknown at the time, had drugs to sell. The confidential informant was checked, as was her vehicle, and she was fitted with a body transmit wire and given $40.00 in pre-recorded buy money. The confidential informant then went to the address on Heritage Court, which was rented to Stephan Anderson, and indicated that she was interested in purchasing crack cocaine. Stephan told the confidential informant that Upshaw would be with her shortly. When Upshaw met with the confidential informant he indicated that he did have crack to sell. The confidential informant then purchased two rocks of crack with the pre-recorded money. The transaction was listened to by the officers of the Sheriff's Department and was also recorded. However, the officers listening to the transaction were unable to communicate with officers on foot near the apartment building who were in position to make the arrest. As a result, the arrest of Upshaw was delayed until the officers could regroup and communicate more effectively.
 {¶ 3} Officers met briefly with the confidential informant a few blocks away from the buy location and took the contraband that was exchanged in the drug transaction. A brief description of the events that had just transpired was relayed to the officers from the confidential informant. In addition, a second buy was planned for the confidential informant to again purchase crack cocaine from Upshaw and an arrest was planned to be made after the transaction. The second buy was unsuccessful, as Upshaw had already left the area when the confidential informant returned to the apartment on Heritage Court.
 {¶ 4} The confidential informant then met with the officers from the Sheriff's Department at a predetermined location and described Upshaw as a black male, in his early twenties, medium build, with no facial hair, corn rows in his hair and dressed in "Ecko" jeans and a black and cream colored sweater. The confidential informant also reported to officers that Stephan Anderson's two year old daughter was present during the drug transaction. Upshaw was believed to be driving a green Honda, possibly an Accord. The officers did not immediately arrest Upshaw after the drug transaction. During the drug transaction, Detective Jon Stout observed the green Honda at the Heritage Court address and also observed three black males exit the vehicle with the license number of CRZ3852. The detective then observed the men walk into apartment #17. Detective Stout later located the green Honda at a location called the Pink House. He spoke with Upshaw who had been in the vehicle observed by the detective and matched the description given by the confidential informant. Upshaw stated that he had been at his girlfriend's house, located a couple of roads away, as well as at the residence of Brian Roberts and the Heritage Court apartments.
 {¶ 5} Upshaw was indicted on one count of trafficking in cocaine, a felony of the fourth degree. Jury trial commenced on October 24, 2002, and a guilty verdict was entered against Upshaw. The jury also made the finding that the offense was committed in the vicinity of a juvenile. The trial court sentenced Upshaw to 15 months imprisonment on December 2, 2002. It is from this judgment that Upshaw now appeals, asserting the following assignment of error.
The trial court prejudicially erred when it allowed an audiotape of a third police "debriefing" of a confidential informant, accomplished at an unknown time after the event, full of leading questions by police and prejudicial hearsay by an informant, to be entered into evidence, over objection, under the present sense, impression exception to the hearsay rule (Evid. Rule 803(1)).
 {¶ 6} Upshaw argues that the audiotape of the debriefing of the confidential informant was not admissible at trial and that the admission of the audiotape was extremely harmful and prejudicial. In addition, Upshaw argues that the audiotapes of the controlled buys are inadmissible hearsay, although they were not objected to at trial. We review the record to determine if the challenged statements are hearsay and, if so, whether they properly fall within one of the recognized exceptions to the hearsay rule. We note that "the decision of whether or not to admit evidence rests in the sound discretion of the [trial] court," and we will not disturb that decision absent an abuse of discretion. Wightman v.Consol. Rail Corp. (1999), 86 Ohio St.3d 431, 437, 715 N.E.2d 546, citingPeters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296, 299,587 N.E.2d 290. In addition, the abuse of discretion by the trial court must have materially prejudiced Upshaw. State v. Maurer (1984),15 Ohio St.3d 239, 473 N.E.2d 768.
 {¶ 7} It is generally accepted that an out-of-court statement may not be admitted as evidence to prove the truth of the matter asserted. See Evid.R. 801; Evid.R. 802. There are, however, multiple exceptions to the hearsay rule stated above. In this case the State contends that the challenged statements are admissible under the present sense impression exception stated in Evid.R. 803. Under Evid.R. 803(1) a statement is not excluded by the hearsay rule if the statement is "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless the circumstances indicate lack of trustworthiness." There is an assumption that statements or perceptions that describe events uttered in a short time from the occurrence of the event are more trustworthy than statements not uttered shortly thereafter. Cox v. Oliver Machinery Co.
(1987), 41 Ohio App.3d 28, 35, 534 N.E.2d 855. Furthermore:
The key to the statement's trustworthiness is the spontaneity of the statement, either contemporaneous with the event or immediately thereafter. By making the statement at the time of the event or shortly thereafter, the minimal lapse of time between the event and statement reflects an insufficient period to reflect on the event perceived — a fact which obviously detracts from the statement's trustworthiness.
Id. at 35-36, 534 N.E.2d 855.
 {¶ 8} In our review of the record, we cannot say that the trial court abused its discretion by admitting the audiotape of the debriefing. Upshaw contends that the debriefing tape did not contain present tense language and there was a separation of time between the actual events and the debriefing and, therefore, the tape did not fall within the present sense impression exception to hearsay. We disagree.
 {¶ 9} Defense counsel objected at trial to the playing of the debriefing tape. The trial court overruled the objection on the grounds that the statements made during the debriefing were made immediately after the drug transactions and there were no circumstances that indicated a lack of trustworthiness and, therefore, the statements were admissible under Evid.R. 803(1). The trial court's ruling is not unreasonable, nor does it show an abuse of discretion on the part of the trial court.
 {¶ 10} The statements made during the taped debriefing were made immediately after the controlled buys. The confidential informant proceeded directly to meet with officers after the controlled buys, with only a matter of a few minutes passing between the drug transaction and the debriefing session. In addition, the actual sequence of events heard on the audiotapes of the controlled buys gives support to the confidential informant's statements during the debriefing because his recitation was in accordance with the events recorded on the tapes. InState v. Dixon (2003), 152 Ohio App.3d 760, 769, 790 N.E.2d 349, this court held that "[g]iven the close temporal proximity of the debriefings to the buys and the recordings of the buys themselves, there is a high degree of trustworthiness to these statements." Further, the confidential informant testified during trial about both the controlled buys and the debriefing, as did Officer Bibart, who listened to the transactions as they happened and was present at the debriefing. Thus, any error that may have occurred was not prejudicial because Upshaw was afforded ample opportunity to cross-examine these witnesses in order to challenge their credibility.
 {¶ 11} Even if the audiotape of the debriefing of the confidential informant did not fall within the present sense impression exception to the hearsay rule, we find that the tape is admissible as part of the res gestae of the controlled buys. The evidence is testimony of what actually transpired during the drug transaction. The audiotape of the debriefing is testimony of the confidential informant that is corroborated by the testimony of the confidential informant at trial, as well as the testimony of Officer Bibart of the Sheriff's Department who listened to the drug buys as the occurred and was present during the debriefing of the confidential informant. The recording of the controlled buys and the debriefing were part of the investigation by the officers that was corroborated by live testimony in court. We, therefore, find that the trial court properly admitted the audiotape of the debriefing as part of the res gestae of the controlled drug buys.
 {¶ 12} An additional issue that Upshaw takes concern with in his brief is that the audiotapes of the controlled buys are partly inaudible and are inadmissible hearsay. Since an objection to these tapes was not raised at trial, we review the admission of these tapes under a plain error standard. Plain error is an error or defect at trial, not brought to the attention of the court, that affects a substantial right of the defendant. Crim.R. 52(B). In order to show that the trial court erred by admitting the audiotapes of the controlled buys, Upshaw must show that the error prejudiced the outcome of the proceedings. State v. Pack (Nov. 14, 2000), 3d Dist. App. No. 2-2000-20, 2000-Ohio-1792, 2000 WL 1695123.
 {¶ 13} The Ohio Supreme Court has addressed the issue of the admissibility of tape recordings and held that "whether to admit tape recordings containing inaudible portions is a matter within the sound discretion of the trial court." State v. Coleman (1999), 85 Ohio St.3d 129,141, 707 N.E.2d 476. As long as the tape recording is "authentic, accurate and trustworthy" it may be admitted at trial. Id. Upshaw does not contest the authenticity or accuracy of the audiotapes at trial, rather Upshaw contests the admissibility of the tapes, arguing that the tapes are inadmissible hearsay. In Coleman, the Ohio Supreme Court held that "recorded tapes of actual events, such as street drug sales, should be admissible despite audibility problems, background noises, or the lack of crystal clear conversations, since they directly portray what happened. Coleman, 85 Ohio St.3d at 141, 707 N.E.2d 476; see, also, Statev. Rodriguez (1990), 66 Ohio App.3d 5, 15-16, 583 N.E.2d 384. Since we are not dealing with a dispute regarding the authenticity of the audiotapes, we conclude that the trial court did not abuse its discretion in admitting the tapes despite the audibility problems. The testimony of the confidential informant at trial and the audiotape of the debriefing make the tapes of the controlled buys more understandable and enhance the credibility of the tapes.
 {¶ 14} Therefore, the trial court did not err in admitting the audiotapes of the controlled buys and debriefing session and Upshaw's assignment of error is overruled. The judgment of the Court of Common Pleas of Logan County is affirmed.
Judgment affirmed.
WALTERS, J., concurs. CUPP, J., concurs in judgment only.