DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant, Ronald Johnson, appeals the July 7, 2006 judgment of the Toledo Municipal Court which, following a jury trial, entered a defense verdict on appellant's claims and a plaintiffs verdict on defendant-appellee Nikki Eitle's counterclaims in a case involving an automobile accident. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} A recitation of the relevant facts is as follows. On September 15, 2002, appellant, Ronald Johnson, was operating his motor vehicle southbound on Upton Avenue, in Toledo, Ohio, and appellee, Nikki Eitle, was operating her motor vehicle eastbound on West Bancroft Street; the vehicles collided at the intersections of the two streets.
 {¶ 3} On June 5, 2003, appellant filed a complaint against appellee for damages stemming from the accident. In his complaint, appellant alleged that appellee negligently failed to stop for a red traffic signal. As a proximate result of the alleged negligence, appellant's vehicle was damaged and he sustained injuries to his neck and back. In appellee's amended answer, she denied that she was negligent. Appellee raised a counterclaim alleging that the accident was caused by appellant's negligence.
 {¶ 4} On April 21, 2004, appellee took the deposition of Lance Chaney, appellant's witness who allegedly observed the September 2002 accident. Chaney testified that in February 2004, he telephoned appellant about the accident. Chaney got appellant's telephone number from a flyer posted in a convenience store at the corner of West Bancroft Street and Upton Avenue. The flyer had photographs of appellant's vehicle and requested a reply from anyone who had seen the accident.
 {¶ 5} When questioned about the accident, Chaney stated:
 {¶ 6} "The lady was trying to beat the yellow light. She got caught under the red light. He was going through the green light. She hit him, dude spin around, did a little *Page 3 
360, end up in the turning lane going toward — coming off the Upton going towards downtown Bancroft."
 {¶ 7} During the course of the deposition, Chaney was uncooperative and argumentative. Counsel for the parties each made numerous objections.
 {¶ 8} In May 2004, appellee filed a motion to bifurcate the issues of liability and damages. On December 8, 2004, the trial court granted appellee's motion to first determine the issue of liability.
 {¶ 9} On March 8, 2006, appellant filed Chaney's deposition transcript with the court. On that day, appellant attempted to subpoena Chaney to appear at the trial scheduled for March 13, 2006. Service was unsuccessful because the address given by Chaney at his 2004 deposition was no longer valid.
 {¶ 10} On March 13, 2006, prior to the start of the trial, appellant's counsel orally moved, pursuant to Civ.R. 32(A)(3), to admit Chaney's deposition at trial due to his unavailability. Counsel explained that service of the subpoena failed and they unsuccessfully attempted to telephone Chaney. Appellee's counsel opposed the motion arguing that the issue had previously been discussed and that the court had given appellant an opportunity to submit a brief on the issue; no brief was filed. Appellee's counsel further argued that prior to the admission of the deposition, the court would have to "hold a hearing for evidentiary rulings on all the objections in the deposition, because there's more talking by Mr. Westmeyer and I in that deposition than the witness. He was *Page 4 
elusive, evasive, at best, not to mention discourteous and unprofessional." Ultimately, the trial court denied the motion.
 {¶ 11} During the trial, appellant's counsel raised additional arguments for the admission of the deposition. Counsel stated that he sent appellant over to Chaney's home and that he refused to come to court. Counsel stated that Chaney was in his office the preceding Friday and that they had been attempting to persuade him to come to court. Further, following a lunch recess, appellant's counsel indicated that he had spoken to Chaney and that he had refused to come to court because he had outstanding warrants and that he wanted appellant's counsel to pay him for his appearance. Thereafter, the following exchange took place:
 {¶ 12} "MR. WESTMEYER: You went over to the area. You went over to the area and you found him?
 {¶ 13} "THE PLAINTIFF: Right.
 {¶ 14} "* * *.
 {¶ 15} "MR. WESTMEYER: You knew generally where he lived and you found him?
 {¶ 16} "THE PLAINTIFF: Yeah.
 {¶ 17} "THE COURT: You should have generally taken the Sheriff with you if you knew where he generally lived. * * *."
 {¶ 18} During trial, testimony was presented by appellant, the passenger in his vehicle, Christopher Boone, who indicated that his eyes were closed at the time of the *Page 5 
accident, and appellee. At the conclusion of the trial, the jury found that the parties had failed to establish by the greater weight of the evidence which party was responsible for the accident. Appellant timely filed a notice of appeal and raises the following assignment of error:
 {¶ 19} "I. The trial court erred in failing to admit into evidence the deposition testimony of independent witness Lance Chaney."
 {¶ 20} In his sole assignment of error, appellant contends that the trial court abused its discretion when it refused to allow Chaney's deposition into evidence at trial. Decisions regarding the admission or exclusion of evidence at trial may not be reversed absent an abuse of discretion Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296,299. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 21} Civ.R. 32 provides the guidelines for the use of depositions in court proceedings and provides, in relevant part:
 {¶ 22} "(A) Use of depositions
 {¶ 23} "Every deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing. *Page 6 
 {¶ 24} "At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any one of the following provisions:
 {¶ 25} "* * *.
 {¶ 26} "3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (a) that the witness is dead; or (b) that the witness is beyond the subpoena power of the court in which the action is pending or resides outside of the county in which the action is pending unless it appears that the absence of the witness was procured by the party offering the deposition; or (c) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or (d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (e) that the witness is an attending physician or medical expert, although residing within the county in which the action is heard; or (f) that the oral examination of a witness is not required; or (g) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."
 {¶ 27} We note that it is well-established that the burden rests on the proponent of the deposition to satisfy the requirements of Civ.R. 32(A)(3). See Burnworth v. Ohio *Page 7 Bell Telephone Co. (July 19, 1993), 5th Dist. No. CA-9066. Further, Civ.R. 32(A)(3), by its own terms, does not mandate the substitution of a deposition at trial.
 {¶ 28} In this case, appellant argued for the admission of Chaney's deposition based upon a failed attempt to serve a subpoena and attempts by appellant and his counsel to procure Chaney's attendance at trial. The trial court, initially disturbed by the fact that appellant failed to file a brief as agreed upon, was (as evidenced by the facts set forth above) troubled by the fact that appellant, despite knowledge of where Chaney was located, failed to have him served with a subpoena. Specifically, the record reveals that appellant found Chaney and attempted to persuade him to testify; further, on the Friday preceding the Monday jury trial, Chaney was at appellant's counsel's office. (On Friday morning, co-counsel had been informed that service had failed.) Given these facts and the discretionary nature of Civ.R. 32(A)(3), we cannot conclude that the trial court abused its discretion in finding that appellant had not demonstrated that he was unable to procure Chaney's attendance at trial. Accordingly, we find that appellant's assignment of error is not well-taken.
 {¶ 29} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Arlene Singer, J. CONCUR.