[Cite as *Demetriades v. Ohio Lottery Comm.*, 2018-Ohio-3605.]

| | |
|---|---|
| PENELOPE DEMETRIADES | Case No. 2017-00705JD |
| Plaintiff | Judge Patrick M. McGrath |
| | Magistrate Anderson M. Renick |
| v. | |
| | ENTRY GRANTING DEFENDANT'S |
| OHIO LOTTERY COMMISSION | MOTION FOR SUMMARY JUDGMENT |
| Defendant | |

{¶1} On July 9, 2018, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff has not filed a response. The motion for summary judgment is now before the court for a non-oral hearing. L.C.C.R. 4.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶4} Plaintiff's claims arise from her purchase of tickets in the Ohio Lottery Commission's "50X THE MONEY" instant lottery game. In her complaint, plaintiff alleges that, on September 30, 2016, she purchased a few lottery tickets at a

Macedonia, Ohio convenience store. (Complaint, ¶ 5.) According to plaintiff, she scratched off the appropriate spaces on the tickets to reveal what she believed to be a winning sequence of numbers, either "'9, 19, 51, 55, 62' and/or '18, 29, 30, 54, 66.'" (Complaint, ¶ 7.) Plaintiff alleges that she gave a store employee the ticket, who confirmed that it was a winning ticket and he gave her $500. (Complaint, ¶ 9-10.) After she returned home, plaintiff "realized that she had actually won $500,000.00 and immediately went back to the store in Macedonia." However, plaintiff alleges that the store employee indicated that the ticket was either thrown out or destroyed and he refused to pay additional money to plaintiff. (Complaint, ¶ 11-12.) Plaintiff alleges breach of contract, "bad faith and breaches," and negligence.

**Breach of contract**

{¶5} "The sale and purchase of lottery tickets is governed by the general principles of contract law." *Struna v. Ohio Lottery Comm.*, 10th Dist. Franklin No. 03AP-787, 2004-Ohio-5576, ¶ 9; *Peters v. Ohio Lottery Comm.*, 63 Ohio St. 3d 296, 299, 587 N.E.2d 290 (1992). "Simply stated, the state of Ohio 'agrees' to pay the holder of a lottery ticket containing the winning numbers as chosen by the State Lottery Commission, the 'jackpot' amount * * *. It is this promise which induces the purchase of the lottery tickets." (Footnote omitted.) *Id.*, quoting *Couchot v. State Lottery Comm.*, 10th Dist. Franklin No. 93APE09-1337 (June 30, 1994), reversed on other grounds, *Couchot v. State Lottery Comm.*, 74 Ohio St. 3d 417, 1996-Ohio-262 (1996). Lottery players agree to be bound by the terms of the game when they purchase and redeem their tickets. *Struna*, ¶ 9, citing *Woodbridge Partners Group, Inc. v. Ohio Lottery Comm.*, 99 Ohio App. 3d 269, 273 (1994). The rules of lottery games are published in the Ohio Administrative Code, and plaintiff is conclusively presumed to have notice of those rules and regulations. *Keefe v. Ohio Lottery Comm.*, 10th Dist. Franklin No. 06AP-14, 2006-Ohio-3658, ¶ 10.

{¶6} In support of its motion, defendant submitted the affidavit of Nedric Pritchett, who avers as follows:

{¶7} "1. I am employed with the Ohio Lottery Commission ('OLC") as an investigator in the Security Management department.

{¶8} "2. On June 6, 2017, David N. Patterson sent a letter to OLC in which he said that his client, Penelope Demetriades, bought a $500,000 winning instant game ticket at 'Mom and Pop's' store in Macedonia, Ohio on September 30, 2016 but was given only $500 as a prize.  The letter attached copies of the front and back of two additional tickets Ms. Demetriades had bought at the same location for the same game. Finally, the letter stated that the winning ticket-which Ms. Demetriades no longer had contained the numbers '9, 19, 51, 55, 62, 18, 29, 30, 54 and 66.'  A copy of the letter and its attachments is appended as Ex. A to this affidavit.

{¶9} "3. I was asked to investigate the matter, and my findings are summarized in the following paragraphs.

{¶10} "4. First, the two tickets-Nos. 036 and 038-Mr. Patterson attached were bought at the A Plus Quick Mart store in Northfield, Ohio, not at 'Mom and Pop's store in Macedonia.'  The third ticket she bought at that store-No. 048-was scanned at the convenience store's 'Instant Audit Validation' terminal on September 30, 2016 and confirmed to be a $500 winner in the for the instant game '50X THE MONEY.'  OLC identifies the A Plus Quick Mart store in Northfield is known as Retailer 49906.

{¶11} "5. Second, the 'Game Specifications' for the '50X THE MONEY' game, whose vendor is Scientific Games, are appended to this affidavit as Ex. B. Page 17 of the specifications makes clear that only the numbers 1 through 45 are used in that game. Therefore, Ms. Demetriades could not have had a '50X THE MONEY' ticket containing the numbers '9, 19, 51, 55, 62, 18, 29, 30, 54 and 66.'

{¶12} "6. Third, Scientific Games reconstructed Ms. Demetriades's ticket No. 048. Ex. C to this affidavit contains both a copy of ticket No. 048 and a more easily read 'reconstruction report.' The report demonstrates that ticket No. 048 was in fact a $500 winning ticket validated by the A Plus Quick Mart store in Northfield.

{¶13} "7. Fourth, there were exactly six $500,000 winning tickets in the '50X THE 'MONEY' game Ms. Demetriades played. Ex. D to this affidavit documents that all six of those tickets were claimed."

{¶14} "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of one or more of the nonmoving party's claims for relief. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this initial burden by presenting or identifying appropriate Civ.R. 56(C) evidence, the nonmoving party must then present similarly appropriate evidence to rebut the motion with a showing that a genuine issue of material fact must be preserved for trial. *Norris v. Ohio Standard Oil Co.*, 70 Ohio St.2d 1, 2 (1982). The nonmoving party does not need to try the case at this juncture, but its burden is to produce more than a scintilla of evidence in support of its claims. *McBroom v. Columbia Gas of Ohio, Inc.*, Franklin App. No. 00AP-1110 (June 28, 2001)." *Nu-Trend Homes, Inc. et al. v. Law Offices of DeLibera, Lyons & Bibbo et al.*, 10th Dist. Franklin No. 01AP-1137, 2003-Ohio-1633, ¶ 17.

{¶15} Pritchett explained that defendant's records showed that plaintiff purchased a ticket in the "50X THE MONEY" instant game which was scanned at the convenience store's "Instant Audit Validation" terminal and confirmed to be a $500 winner, the amount that she was paid. Furthermore, Pritchett averred that only six $500,000 winning tickets were issued in the "50X THE MONEY" game and that defendant's records demonstrated that all six of those tickets were claimed. Plaintiff has not responded to defendant's motion with any evidence to rebut defendant's motion or

otherwise establish the existence of a genuine issue of material fact on her breach of contract claim.

**"Bad faith and breaches"**

{¶16} "There is no question that under Ohio law, an implied duty of good faith and fair dealing is imposed on parties to any contract." *Lundeen v. Smith-Hoke*, 10th Dist. Franklin No. 15AP-236, 2015-Ohio-5086, ¶ 14; *Littlejohn v. Parrish*, 163 Ohio App.3d 456, 2005-Ohio-4850, 839 N.E.2d 49 (1st Dist.). "However, 'an allegation of a breach of the implied covenant of good faith cannot stand alone as a separate cause of action from a breach of contract claim.'" *Id.*, quoting *Interstate Gas Supply, Inc. v. Calex Corp.*, 10th Dist. Franklin No. 04AP-980, 2006-Ohio-638, ¶ 98. For the reasons stated above, defendant is entitled to judgment as a matter of law based upon allegations that it acted in bad faith regarding the lottery tickets that plaintiff purchased.

**Negligence**

{¶17} The "economic loss" rule generally provides that there is no cause of action in negligence for claims arising under a contract. *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40 (1989). "The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Id.* at 43 (quotations omitted). "When the promisee's injury consists merely of the loss of his bargain, no tort claim arises because the duty of the promisor to fulfill the term of the bargain arises only from the contract." *Id.* at 45. (quotations omitted). Inasmuch as the parties had a contractual relationship and plaintiff alleged purely economic losses, she cannot prevail on her negligence claim.

{¶18} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly,

defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  All previously scheduled events are VACATED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


PATRICK M. MCGRATH
Judge


**Filed August 27, 2018**
**Sent to S.C. Reporter 9/7/18**