OPINION
{¶ 1} In this accelerated calendar case, appellant, David A. Benson, appeals from the judgment entered by the Ravenna Division of the Portage County Municipal Court. Benson was convicted of driving under the influence.
 {¶ 2} On January 21, 2001, Officer Smallfield of the Ravenna City Police Department observed a pickup truck turn on to Prospect Street in Ravenna, Ohio. He proceeded to follow the vehicle. He testified that the driver of the vehicle did not use his turn signal while turning right onto Riddle Street and that the vehicle touched the centerline while making the turn. He further testified that the driver failed to signal while turning left on to Chestnut Street. Officer Smallfield then stopped the vehicle.
 {¶ 3} Officer Smallfield noticed a strong odor of alcohol in the vehicle. There were other people in the truck, who admitted drinking. Officer Smallfield testified that Benson was driving the truck, his eyes were bloodshot, and his speech was slurred. Officer Smallfield had Benson step out of the vehicle. He administered field sobriety tests on Benson including: the horizontal gaze nystagmus test, the walk and turn test, and the one-leg stand test. Benson failed all of these tests and was arrested.
 {¶ 4} Benson filed a motion to suppress the results of the field sobriety tests and the videotape from the police car. The court denied this motion. Benson filed a motion in limine to exclude the field sobriety tests because they were not conducted on a level surface. The trial court also denied this motion. The case then proceeded to a jury trial, where Benson was found guilty of driving under the influence.
 {¶ 5} Benson raises four assignments of error. His first assignment of error is:
 {¶ 6} "The trial court erred, to the prejudice of defendant, by allowing the testimony of the police officer on the one leg stand and the walk and turn test performed by defendant."
 {¶ 7} The admission of evidence is within the sound discretion of the trial court.[1] The decision of the trial court regarding the admission of evidence will not be overturned absent a showing of an abuse of that discretion.[2] The term "abuse of discretion" implies that the court's decision was arbitrary, unreasonable, or unconscionable.[3]
 {¶ 8} Benson argues that the field sobriety tests were not conducted in accordance with the National Highway Traffic Safety Administration ("NHTSA") standards. The Supreme Court of Ohio has held that a field sobriety test must be administered in strict compliance with the standardized testing procedures to serve as evidence of probable cause to arrest.[4] Benson asserts that this strict compliance standard should also be applied to the admission of evidence at trial.
 {¶ 9} Although the admission of evidence was not at issue inHoman, Justice Rocco wrote in a concurring opinion that the standard should be extended to the admission of evidence at trial.[5] The Second Appellate District has followed this concurring opinion, stating "[a]lthough a case of first impression, we feel confident that the supreme court would find field sobriety test results are not admissible at trial if they are not conducted by the officers in strict compliance with standardized testing procedures."[6] We agree. Benson initially asserts that Officer Smallfield's testimony regarding the one-leg stand and the walk and turn tests was not admissible because the tests were not conducted on a level surface. The NHTSA manual calls for the tests to be conducted on a "reasonably dry, hard, level, nonslippery surface." (Emphasis added.) We note that while the Supreme Court of Ohio has mandated strict compliance with standardized testing procedures, the procedures themselves allow for some latitude by using the word "reasonably." These tests are known as field sobriety tests, and they are administered soon after a traffic stop on the side of a roadway. Thus, the conditions will seldom be perfect.
 {¶ 10} Officer Smallfield testified that the road surface on which Benson performed these tests was paved and had a "slight grade." The trial court did not abuse its discretion by admitting this evidence, because, as Officer Smallfield's testimony indicated, the tests were conducted on a reasonably level surface.
 {¶ 11} Benson's second argument is that Officer Smallfield did not properly record the results of the one-leg stand and the walk and turn tests. Officer Smallfield did not use the sample form contained in the NHTSA manual. However, he used a similar form that contained the same clues. The NHTSA manual recommends recording the number of times a suspect performs the test incorrectly, while the form Officer Smallfield used merely allowed for the clues to be checked when a suspect does not perform the test correctly. The better practice would be to be as detailed as possible when recording the results of these tests. However, the slight variances in method of recording the results of the tests is not sufficient to make the tests inadmissible. Moreover, the tests themselves were administered in strict compliance with the testing procedures.
 {¶ 12} Benson's first assignment of error is without merit.
 {¶ 13} Benson's second assignment of error is:
 {¶ 14} "The trial court erred, to the prejudice of defendant, by refusing to exclude the videotape recording."
 {¶ 15} Officer Smallfield testified that a videotape is activated when an officer activates his overhead lights. This videotape of Benson performing the field sobriety tests was admitted into evidence. Benson claims that the poor quality of the videotape, the lack of audio on the videotape, and the fact that the videotape showed an incorrect date all prevent its admission.
 {¶ 16} The quality of the videotape goes to the weight to be given to the evidence, not to its admissibility. Officer Smallfield properly identified the videotape pursuant to Evid.R. 901(A). He testified that the video was recorded on the night of Benson's arrest, and that the video portrayed the events of the stop. Further, Officer Smallfield explained the discrepancy in the date of the videotape, which was due to the fact that he was not driving his regular patrol car on that night.
 {¶ 17} The trial court did not abuse its discretion by admitting the videotape. Benson's second assignment of error is without merit.
 {¶ 18} Benson's third assignment of error is:
 {¶ 19} "The trial court erred, to the prejudice of defendant, by not allowing defense counsel to ask leading questions of the police officer and on (sic) his knowledge of nystagmus."
 {¶ 20} At trial, Officer Smallfield testified on behalf of the state. He was then extensively cross-examined by defense counsel. The state rested its case after calling Officer Smallfield as its only witness. The defense then called Officer Smallfield.
 {¶ 21} The decision to allow leading questions on direct examination is within the sound discretion of the trial court.[7]
Evid.R. 611(C), addresses leading questions, and states:
 {¶ 22} "Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness associated with an adverse party, interrogation may be by leading questions."
 {¶ 23} In this case, the state of Ohio is the adverse party against Benson. As the arresting officer, Officer Smallfield was arguablythe adverse party in this action, as his arrest initiated the case against Benson. Even if Officer Smallfield is not the adverse party in this action, he is clearly identified with the adverse party.
 {¶ 24} This court has previously addressed a similar issue inState v. Liston.[8] In Liston, this court cited the syllabus of the Sixth District Court of Appeals in State v. Warren, for the proposition that a party must show that the witness is hostile or identified with the adverse party to permit leading questions on direct examination.[9] We continue to follow this general proposition. However, we hold that when a witness is the adverse party, or it is readily apparent that the witness is identified with the adverse party, this showing is not required. This is especially true in a case like the one before us, where the witness is the arresting officer in a criminal case and has already testified in favor of the adverse party, the state of Ohio. This holding is consistent with the holding in State v. Snyder, where the Twelfth Appellate District stated, "[w]hile the trial court did not declare Trooper Zak a hostile witness, he was clearly identified with the adverse party, the state. Therefore, the trial court erred in sustaining the state's objections to appellant's use of leading questions."[10]
 {¶ 25} The trial court abused its discretion by not allowing Benson's trial counsel to ask leading questions of Officer Smallfield, as Officer Smallfield was clearly identified with the adverse party. However, we consider this error to be harmless. This is because Benson's trial counsel continued to ask Officer Smallfield leading questions after the trial court instructed him not to do so. This same scenario also occurred in Liston, where Benson's trial counsel was also the defense counsel.[11]
 {¶ 26} Benson's trial counsel was attempting to question Officer Smallfield on certain causes for nystagmus. Counsel was attempting to impeach Officer Smallfield by reading an article on nystagmus. Evid. R. 706 provides for impeachment in this manner and states, in relevant part:
 {¶ 27} "Statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art are admissible for impeachment if the publication is either of the following:
 {¶ 28} "(A) Relied upon by an expert witness in reaching an opinion;
 {¶ 29} "(B) Established as reliable authority (1) by the testimony or admission of the witness, (2) by other expert testimony, or (3) by judicial notice."
 {¶ 30} Officer Smallfield did not rely on the article. He indicated that he had not read any independent literature on the horizontal gaze nystagmus test. In addition, the article was not established as a reliable authority by any witness, and the court did not take judicial notice of its reliability.
 {¶ 31} Since the article was not properly established as a reliable authority, it was not permitted to be used for impeachment purposes under Evid.R. 706. Thus, the trial court did not err by refusing to allow Benson's trial counsel to use the article for impeachment.
 {¶ 32} Benson's third assignment of error is without merit.
 {¶ 33} Benson's fourth assignment of error is:
 {¶ 34} "The trial court erred, to the prejudice of defendant, by overruling defendant's motion to suppress."
 {¶ 35} Benson alleges that the trial court erred in its ruling on his motion to suppress. However, Benson has failed to file a transcript of the suppression hearing in accordance with App.R. 9(B). When an appellant fails to provide a complete and proper transcript, a reviewing court will presume the regularity of the proceedings in the trial court.[12] Since there is no transcript of the suppression hearing, we are unable to adequately review whether the trial court properly denied the motion to suppress. However, there was detailed testimony regarding Officer Smallfield's stop of Benson presented during the trial. Thus, we will address the merits of Benson's fourth assignment of error based on the evidence presented at the trial.
 {¶ 36} Benson claims that Officer Smallfield did not have reasonable suspicion to justify the stop. We disagree. An officer may stop a vehicle based on probable cause that a traffic violation has occurred or is occurring, and such a stop does not violate theFourth Amendment of the United States Constitution.[13] This court has specifically applied Dayton v. Erickson to a situation where an individual failed to use a turn signal and held that the officer's stop was constitutional.[14]
 {¶ 37} At trial, Officer Smallfield testified that Benson failed to use his turn signal while making two different turns. These traffic violations, standing alone, were sufficient to justify Officer Smallfield's stop of Benson. The trial court did not err by denying Benson's motion to suppress.
 {¶ 38} Benson's fourth assignment of error is without merit.
 {¶ 39} The judgment of the trial court is affirmed.
DONALD R. FORD, J., ROBERT A. NADER, J., concur.
[1] State v. Kinley, 72 Ohio St.3d 491, 497, 1995-Ohio-279.
[2] Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296,299.
[3] State v. Adams (1980), 62 Ohio St.2d 151, 157-158.
[4] State v. Homan, 89 Ohio St.3d 421, paragraph one of the syllabus, 2000-Ohio-212.
[5] Id. at 429, (Rocco, J. concurring).
[6] State v. Brandenburg, 2d Dist. No. 18836, 2002-Ohio-912, at ¶ 17.
[7] (Citations omitted.) Ramage v. Central Ohio Emergency Serv., Inc.,64 Ohio St.3d 97, 111, 1992-Ohio-109.
[8] State v. Liston (Sept. 24, 1999), 11th Dist. No. 98-P-0039, 1999 WL 778377.
[9] Id. at *5, citing State v. Warren (1990), 67 Ohio App.3d 789, syllabus.
[10] State v. Snyder (Jan. 9, 1989), 12th Dist. No. CA88-04-054, 1989 Ohio App. LEXIS 33, at *16.
[11] State v. Liston, 1999 WL 778377, at *5.
[12] (Citation omitted.) State v. Plough (June 8, 2001), 11th Dist. No. 99-P-0029, 2001 Ohio App. LEXIS 2571, at *8-9.
[13] Dayton v. Erickson, 76 Ohio St.3d 3, syllabus, 1996-Ohio-431.
[14] Mentor v. Johnson (Nov. 9, 2001), 11th Dist. No. 2001-L-002, 2001 Ohio App. LEXIS 5055, at *3-5.