OPINION
{¶ 1} This appeal is taken from a final judgment of the Lake County Court of Common Pleas, wherein the defendant, Donald Breeden, after a jury trial, was found guilty of one count of rape and three counts of felonious sexual penetration. The following facts are relevant to this appeal.
 {¶ 2} On December 14, 1995, appellant was charged with three counts of rape and three counts of felonious sexual penetration. These charges stemmed from allegations of sexual abuse from the appellant's three young daughters, who were age five, four, and two at the time the abuse occurred. Appellant pled not guilty to all charges and was released on bond.
 {¶ 3} Appellant failed to appear for trial on August 5, 1996. A warrant for his arrest was issued, and trial in this matter was set for April 17, 2000. Prior to the trial, a hearing was held pursuant to the state's motion to admit videotaped testimony elicited from two of the daughters during a juvenile court proceeding in August 1993. This was the adjudicatory hearing regarding abuse, dependency and neglect allegations regarding the three children. The oldest and youngest daughters testified at the hearing. The third child did not testify at the hearing.
 {¶ 4} Pursuant to Evid.R. 804, the trial court found that neither child had an adequate recollection of the events of their early childhood. The defendant was not present at the juvenile proceedings, although he had the right to be present. His counsel was present and had an opportunity to examine and cross-examine on the issues of that proceeding or similar events. The court noted that the defendant himself was responsible for the girls' lapse in memory because he fled the jurisdiction four years earlier.
 {¶ 5} The instant trial commenced on April 17, 2000. After presentation of all the evidence, the state dismissed one count of rape from the charges. The jury rendered a verdict of guilty on the remaining count of rape and three counts of felonious sexual penetration. Prior to sentencing, Breeden was found to be a sexual predator.
 {¶ 6} Breeden was then sentenced to four life sentences, one for each of the four counts for which he was convicted.
 {¶ 7} It is from this judgment appellant appeals, submitting three assignments of error. The appellant's first assignment of error is:
 {¶ 8} "The trial court abused its discretion by admitting prior testimony which was not subject to meaningful cross examination by appellant, violating appellant's rights pursuant to the Confrontation Clause of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 9} Evid.R. 804(B)(1) provides an exception to the general exclusion of hearsay for former testimony of an unavailable declarant:
 {¶ 10} "(B) The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 {¶ 11} "(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered * * * had an opportunity or similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given at a preliminary hearing must satisfy the right to confrontation and exhibit indicia of reliability."
 {¶ 12} Evid.R. 804(A) defines unavailability:
 {¶ 13} "(A) `Unavailability of a witness' includes any of the following situations in which the declarant:
 {¶ 14} "* * *
 {¶ 15} "(3) testifies to a lack of memory of the subject matter of the declarant's statement[.]"
 {¶ 16} Appellant's assignment of error does not dispute that the children were unable to testify. Rather, appellant contends that he did not have a similar motive for cross-examination in the juvenile proceedings as he had in the trial. In order to determine whether or not the similar motive requirement under Evid.R. 804(B)(1) is met, it is necessary to focus on the appellant's connection to the prior proceeding. "The similar motive requirement of Evid.R. 804(B)(1) `operates to screen out those statements which, although made under oath, were not subject to the scrutiny of a party interested thoroughly in testing its validity.'"[1] In this case, the appellant was notified of the hearing and was represented by counsel during the witnesses' testimony.
 {¶ 17} Appellant was represented by the same counsel at both this hearing and at his trial. Appellant was given notice to attend the juvenile hearing although he chose not to be present.
 {¶ 18} Counsel representing the children's mother as well as a court appointed guardian ad litem were also present. The record reveals that all three attorneys conducted lengthy examination or cross-examination of the children. The record reveals a detailed cross-examination by appellant's counsel at the hearing. Questions were asked regarding where the sexual abuse took place, whether appellant was present, and what type of abuse took place. Appellant asserts that there were no criminal charges pending against him at that time and, therefore, he lacked the similar motive for questioning. The trial court did not accept this "lack of motive" argument for obvious reasons. The testimony in question, which was given in a juvenile court adjudicatory proceeding concerning abuse, dependency, and neglect allegations, was both shocking and criminal in nature. After a juvenile court determined that the children were competent to testify, these young girls then proceeded to deliver testimony under oath which can only be described as graphic, specific, and horrifying. Among other things, they testified that their father, appellant herein, inserted a sharpened pencil and a pen into their "private parts." This testimony was then subject to cross-examination under oath by counsel for the defendant and counsel for the mother, who was also charged in the offenses.
 {¶ 19} It is inconceivable that parents, when faced with accusations of criminal activity from their own children, could have misunderstood the gravity of the situation in which they found themselves. As stated earlier, the purpose of Evid.R. 804(B)(1) is to screen out unreliable prior statements which "were not subject to the scrutiny of a party interested thoroughly in testing its validity." (Emphasis added.)
 {¶ 20} Appellant's motive, to stay out of jail for this potentially criminal activity, was well established the moment the allegations were made. The trial court properly found that the defendant was offered the opportunity to be present in the juvenile court proceeding and, in fact, his counsel was present and participated in cross-examination of the children.
 {¶ 21} It is difficult to determine, after reviewing the record, what other types of questions appellant could have asked the children had it been during his criminal trial. Moreover, the detailed testimony elicited at the hearing regarding sexual abuse perpetrated by appellant surely would have put appellant on notice that criminal charges could result.
 {¶ 22} The record demonstrates that the children's former testimony was subject to extensive cross-examination by appellant's counsel who had a similar, if not identical, motive to elicit information regarding the allegations of sexual abuse. Because appellant fails to demonstrate that the former testimony was not properly admitted pursuant to Evid.R. 804(B)(1), his first assignment of error must fail.
 {¶ 23} Appellant's first assignment of error is without merit.
 {¶ 24} Appellant's second assignment of error is:
 {¶ 25} "The trial court abused its discretion by admitting improper character evidence to the prejudice of the appellant."
 {¶ 26} The admission of evidence is within the sound discretion of the trial court.[2] That decision may not be overturned by a reviewing court absent a showing of an abuse of that discretion.[3] Appellant contends that the majority of the evidence presented at his trial had very little to do with the sexual abuse allegations and went more towards his parenting abilities. Brad Welch, Geauga County Department of Human Services Supervisor, stated that Human Services was involved with the Breeden family because appellant and the children's mother were not maintaining any degree of sobriety. Detective Kathy Fellows testified that her notes from an interview with Debbie Breeden, appellant's sister, indicated that Debbie Breeden had felt that the children smelled odd. There were allegations that appellant had only odd jobs, was frequently out of work, or chose work that required the family to travel. Appellant also objects to testimony concerning allegations of domestic violence and appellant's prior assault conviction, as well as Debbie Breeden's testimony that she had watched appellant use drugs in front of the children.
 {¶ 27} With the exception of Ms. Breeden's testimony about the appellant's drug usage, appellant's counsel failed to raise any objections to the other now contested testimony.
 {¶ 28} Generally, an appellate court cannot notice an error that a litigant fails to bring to the attention of the trial court.[4]
Pursuant to Crim.R. 52(B), however, this court has the power to recognize plain error or defects involving substantial rights even if they were not brought to the attention of the trial court.[5] It is also noted that a court of review should invoke the plain error doctrine only under exceptional circumstances in order to prevent a manifest miscarriage of justice.[6] It is generally accepted that plain error does not exist unless, but for the error, the outcome of the proceeding would have been different.[7]
 {¶ 29} Evid.R. 403(A) states, "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 30} In this case, most of the testimony in question would be admissible for Evid. R. 403(A) purposes. Testimony regarding appellant's work history would have had some relevance to show opportunity, as he was often home during the day. Moreover, it could be argued that testimony regarding appellant's drug use may have had some relevance to explain a lack of normal inhibition concerning deviant behavior, although there is no evidence of this in the record. Testimony regarding his prior assault conviction and alleged domestic violence relates little, if at all, to the issues at hand. However, the record is well documented with strong evidence against appellant including the testimony from the children, appellant's family, the medical evaluations, and the investigation conducted by the Geauga County Department of Human Services.
 {¶ 31} As stated in the first assignment of error, there was competent and direct testimony by the victims that their father had committed the acts in question. The defendant had every opportunity to present evidence to the contrary. While the character evidence very well may have been damaging, most of it had some probative value. The evidence of prior violence should not have been admitted but, even if it had not been, the outcome of the trial would not have been different in its absence.
 {¶ 32} Appellant's second assignment of error is without merit.
 {¶ 33} Appellant's third and final assignment of error is:
 {¶ 34} "The appellant's conviction is against the manifest weight of the evidence."
 {¶ 35} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 36} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[8]
 {¶ 37} There is no indication that the jury lost its way. The record does not reveal evidence that weighs heavily against appellant's conviction. The videotaped testimony of the two daughters, elicited shortly after the sexual abuse allegations surfaced, provides a clear depiction of appellant's conduct. This same testimony was subject to cross-examination from two attorneys.
 {¶ 38} Moreover, testimony at trial from the third daughter revealed specific details of her sexual abuse by appellant.
 {¶ 39} Trial testimony from Brad Welch and Sister Rita Ferry of the Geauga County Department of Human Services revealed the details of an in-depth investigation of the sexual abuse claims.
 {¶ 40} Lastly, testimony from Debbie Breeden (appellant's sister), Melissa Mikolic (appellant's niece), and Lori Breeden (appellant's sister-in-law) provided evidence of the unusual and suspicious behavior exhibited by the children during the time period when the sexual molestation was occurring.
 {¶ 41} The record reveals very little exculpating evidence brought forth by appellant at trial. Besides his own testimony, he called his mother and the children's mother to refute the children's allegations.
 {¶ 42} It is well settled that in either a criminal or civil case, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."[9] Therefore, the jury must determine the credibility of the witnesses and weigh the evidence at trial. In this case, there is no indication that the jury did not adequately weigh the evidence presented.
 {¶ 43} Appellant's third assignment of error is without merit.
 {¶ 44} Therefore, the judgment of the trial court is affirmed.
JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.
[1] (Citations omitted.) State v. Banaag (Jan. 26, 2000), 9th Dist. No. 98-CA-0033, 2000 Ohio App. LEXIS 167, at *5.
[2] State v. Kinley (1995), 72 Ohio St.3d 491, 497.
[3] Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296,299.
[4] State v. Underwood (1991), 73 Ohio App.3d 834, 838-839.
[5] State v. Moreland (1990), 50 Ohio St.3d 58, 62.
[6] (Citations omitted.) State v. Jenks (1991), 61 Ohio St.3d 259,282.
[7] Id.
[8] (Citations omitted.) State v. Tompkins (1997), 78 Ohio St.3d 380,387.
[9] State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.