OPINION
{¶ 1} Plaintiff-appellant, Cugini and Capoccia Builders, Inc., appeal from the judgment of the Franklin County Municipal Court in favor of defendant-appellee, Ciminello's, Inc. For the following reasons, we affirm in part, reverse in part, and remand.
 {¶ 2} On September 17, 2001, appellant filed suit against appellee for conversion of $11,660. In its complaint, appellant alleged that appellee wrongfully retained overpayments for landscaping work that appellee performed in connection with the construction of a house for John and Lynn Hondros.
 {¶ 3} In October 1993, appellant contracted with the Hondros to build their house. An addendum to the contract listed prices for elements of the construction and landscaping that were not included in the price of the house. In this addendum, the price for "planting/limestone" was listed as $11,660. Although appellee was not a party to the contract between appellant and the Hondros, appellee did the landscaping work for the Hondros' house.
 {¶ 4} At trial, the trial court admitted into evidence two invoices appellee issued to appellant stating amounts due for the landscaping work. The first invoice, dated September 29, 1994, requested payment in the amount of $5,645 for the installation of "hardscape," including a brick patio, brick drive and stone steps. The second invoice, dated October 17, 1994, requested payment in the amount of $11,660 for the installation of landscaping.
 {¶ 5} On October 20, 1994, appellant cut a check for $5,645 to appellee. On November 21, 1994, appellant cut a check for $6,015 to appellee. On December 7, 1994, appellant cut a check for $11,660 for appellee. The cancelled checks admitted into evidence indicate that appellee cashed each of these checks.
 {¶ 6} At trial, appellant maintained that, as shown in the contract addendum, appellee was only entitled to a total of $11,660 for all materials and labor expended on the Hondros' landscaping. Thus, appellant's president and owner, Paul Cugini, testified that, when appellant received the October 17, 1994 invoice for $11,660, appellant only paid that portion of the $11,660 not already paid to appellee pursuant to the first invoice, or $11,660 less the $5,645 previously paid, equaling $6,015. Mr. Cugini further testified that appellant then mistakenly sent appellee the December 7, 1994 check for $11,660, thus erroneously paying appellee twice.
 {¶ 7} In part, appellee attempted to rebut appellant's allegations by referring to two exhibits. The first exhibit was an invoice dated November 30, 1994, requesting payment from appellant in the amount of $3,750 for the installation of a patio. Mr. Cugini testified that appellant never received this invoice, and the invoice was not offered into evidence. Appellee's second exhibit was a June 8, 1999 letter from Joseph A. Ciminello to Mr. Cugini responding to appellant's demand for the $11,660 alleged overpayment. In the letter, Mr. Ciminello maintained that appellee performed additional work, the value of which exceeded the $11,660 appellant allegedly overpaid. This additional work included the work reflected by the November 30, 1994 invoice for $3,750. The trial court admitted this letter into evidence over appellant's objection.
 {¶ 8} On August 2, 2002, the trial court entered judgment for appellant, but only awarded appellant $2,265. The trial court concluded that appellant was entitled only to the amount equal to the total amount paid by appellant, less the amounts listed in the three invoices; or $23,320, the total amount paid by appellant, less $21,055, the total amount invoiced by appellee in the September 29, October 17 and November 30, 1994 invoices. Appellant appeals from this judgment.
 {¶ 9} On appeal, appellant assigns the following errors:
 {¶ 10} "[1.] The trial court erred in admitting defendant-appellee's exhibits "1" and "2".
 {¶ 11} "[2.] The trial court erred in not awarding judgment in favor of plaintiff-appellant in the amount of $11,660.00."
 {¶ 12} By appellant's first assignment of error, it argues that both the November 30, 1994 invoice ("Exhibit 1") and the June 8, 1999 letter ("Exhibit 2") constitute hearsay and, thus, the trial court should have excluded both exhibits.
 {¶ 13} The admission of hearsay evidence is generally within the sound discretion of the trial court and a reviewing court may only reverse the trial court's decision upon a showing of an abuse of that discretion. Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296,299. The abuse of discretion standard "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 14} Pursuant to Evid.R. 801(C), hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible, except as otherwise provided by the United States Constitution, the Ohio Constitution, statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, hearsay exceptions included within the Ohio Civil Rules of Procedure, or other rules prescribed by the Supreme Court of Ohio. Evid.R. 802.
 {¶ 15} First, we decline to address the question of whether the November 30, 1994 invoice constitutes hearsay. The record reflects that this invoice was not offered or admitted into evidence and, thus, a determination of whether the invoice is hearsay would constitute an advisory opinion.
 {¶ 16} Second, we conclude that the June 8, 1999 letter is a statement, not made at trial, offered to prove the truth of the matter asserted, i.e., that appellee was not required to return the $11,660 overpayment because appellant had not paid for all of the work appellee performed. Thus, the letter is inadmissible hearsay unless it falls within any of the hearsay exceptions. However, appellee has not argued that the June 8, 1999 letter falls within any of the hearsay exceptions, and the trial court did not rely upon any hearsay exceptions when admitting the letter. Therefore, because the letter constitutes inadmissible hearsay, we conclude that the trial court abused its discretion by admitting the letter into evidence.
 {¶ 17} Accordingly, we sustain appellant's first assignment of error, but only as it relates to the June 8, 1999 letter.
 {¶ 18} By appellant's second assignment of error, it argues that all the competent, credible evidence submitted at trial establishes that appellant was entitled to judgment in the amount of $11,660.
 {¶ 19} Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. Further, we must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the proffered testimony. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81. If the evidence is susceptible to more than one interpretation, we must construe it consistently with the trial court's judgment. Cent. Motors Corp. v. Pepper Pike (1995),73 Ohio St.3d 581, 584.
 {¶ 20} In the case at bar, the trial court concluded that appellee performed additional brick and stone work not contemplated by the addendum to the contract, and that appellee was entitled to compensation for the extra work. Therefore, the trial court concluded that appellant was not entitled to recover $11,660 in overpayments, but, rather, only $2,265 in overpayments. This judgment reflected the trial court's conclusion that appellee was entitled to payment on the September 29, 1994 invoice for $5,645, the October 17, 1994 invoice for $11,660, and the November 30, 1994 invoice for $3,750.
 {¶ 21} Although competent, credible evidence, in the form of the September 29, 1994 and October 17, 1994 invoices, establishes that appellee performed work for which it deserved compensation, the trial court erred by relying upon evidence not admitted at trial and/or inadmissible evidence in concluding that appellee was entitled to an additional $3,750 for work performed in connection with the November 30, 1994 invoice. The only evidence establishing that appellee was entitled to $3,750 was the November 30, 1994 invoice, which was not admitted into evidence, and the June 8, 1999 letter, which is inadmissible hearsay. Therefore, the trial court erred by deducting $3,750 from its judgment for appellant.
 {¶ 22} Accordingly, we sustain appellant's second assignment of error, but only to the extent that appellant is entitled to an additional $3,750.
 {¶ 23} For the foregoing reasons, we sustain each of appellant's assignments of error in part. The judgment of the Franklin County Municipal Court is affirmed in part and reversed in part, and this case is remanded to the trial court to enter judgment in favor of appellant in accordance with this opinion.
Judgment affirmed in part, reversed in part and remanded with instructions.
TYACK and BROWN, JJ., concur.