DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Lucas County Court of Common Pleas, which entered judgment on a jury verdict in favor of appellee Andrew Watson in this personal injury case. Because we find that the trial court did not err in admitting the expert testimony in question, we affirm the decision of the trial court.
 {¶ 2} This case involves an accident between a car driven by appellee and a bicycle ridden by appellant Joanne Johnoff.[1] The accident occurred on July 31, 1998, on Fallen Timbers Lane in Lucas County, Ohio. The details of the accident are sketchy because appellant has no memory of it. Aside from appellee and his passenger, there were no eyewitnesses. Even the time of the accident is disputed, but it likely occurred sometime between 9:00 and 9:30 p.m., when it was at least dusk and possibly dark. Three experts testified; two believed that the car and the bike were traveling generally in the same direction at the time of the collision, and the other expert believed that they were traveling in opposite directions. However, the experts agreed that there was an angular collision between the bike and the car, with the bike traveling at some angle into the car's path. The exact angle is disputed. Also disputed is the extent to which appellant and her bike were discernable to appellee and whether he had sufficient time to react to appellant's presence in his path. All agreed that appellee was traveling below the speed limit. Drugs or alcohol were not factors in the accident.
 {¶ 3} Dennis Gunther, PhD., a mechanical engineer, testified on behalf of appellant. He is an expert in vehicle dynamics, or the "who, the what, the where, the when and the how of an accident on the highway," as he put it. He concluded that the bike and the car were traveling in the same general direction, that the bike was a discernable object to appellee, and that appellee had enough reaction time to avoid the accident. David Uhrich, PhD., a
 {¶ 4} physicist, testified on behalf of appellee. He is an accident reconstructionist who testified that the car and bike were traveling in opposite directions, that the bike came into the car's path, and that appellee did not have enough reaction time to slow his vehicle to any degree.
 {¶ 5} Finally, Trooper Gregory Rayot of the Ohio State Patrol testified, both as the officer responding to the scene of the accident and as an accident reconstructionist. Trooper Rayot testified that the car and the bike were traveling in generally the same direction just before the collision but that the car and bike collided at an angle. He considered the possibility that, due to the angle of the impact, the bike could have been making a U-turn when the bike and the car collided. A portion of Trooper Rayot's testimony given on cross-examination is the subject of this appeal. The following exchange took place on cross-examination between defense counsel and Trooper Rayot:
 {¶ 6} "Q: Do you believe Andrew Watson did anything to cause this accident or contribute to this accident?
 {¶ 7} "[Appellant's counsel]: Objection, that's what the jury is here for.
 {¶ 8} "[Appellee's counsel]: Your Honor, that very question he was allowed to ask his expert this morning. I objected and you overruled it.[2]
 {¶ 9} "The Court: I'll allow it.
 {¶ 10} "Q: Did Andrew Watson do anything to contribute to cause this accident?
 {¶ 11} "A: No sir."
 {¶ 12} Following all of the testimony, the jury deliberated and found in favor of appellee. Appellant now appeals, setting forth the following assignment of error:
 {¶ 13} "The court committed reversible error when it permitted an expert witness to testify to the ultimate issue to be determined by the jury, where such testimony was not essential to the jury's understanding of the issue and the jury was capable of coming to a correct conclusion without it."
 {¶ 14} A trial court has discretion to admit or exclude evidence during the course of trial, and such a decision will not be reversed absent an abuse of that discretion. Peters v. OhioState Lottery Comm. (1992), 63 Ohio St.3d 296, 299, rehearing denied (1992), 63 Ohio St.3d 1459, certiorari denied (1992),506 U.S. 871. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 15} Evid.R. 704 provides:
 {¶ 16} "Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."
 {¶ 17} Three issues are extant in this case: (1) Whether Rayot testified as to the "ultimate issue;" (2) whether the testimony was "otherwise admissible" under Evid.R. 704; and (3) whether admission of the evidence, even if improper, was harmless error.
 {¶ 18} In the context of jury instructions, the Supreme Court of Ohio has indicated that "ultimate issues" are synonymous with "determinative issues." The court stated,
 {¶ 19} "[D]eterminative issues are ultimate issues which when decided will definitely settle the entire controversy between or among the parties, so as to leave nothing for the court to do but to enter judgment for the party or parties in whose favor such determinative issues have been resolved by the jury." Miller v.McAllister (1959), 169 Ohio St. 487, 494; see, also, Ziegler v.Wendel Poultry Inc. (1993), 67 Ohio St.3d 10, 15, overruled on other grounds, Fiedelholtz v. Peller (1998), 81 Ohio St.3d 197, syllabus.
 {¶ 20} Here, it is not clear that the question to Rayot ("Do you believe Andrew Watson did anything to cause this accident or contribute to this accident?") is the ultimate issue. Rayot was testifying in a limited capacity: He is an accident reconstructionist whose opinions were limited to the direction the car and bike were traveling and the point of impact. The manner in which the accident physically happened is just one aspect of this case. Also important to this case is whether appellee should have been able to see appellant before he hit her and whether he should have been able to react to her presence in his path. Rayot neither expressed opinion on these subjects nor claimed to be an expert in this area. Therefore, the case was not resolved simply by having Rayot testify that, from an accident reconstruction standpoint, appellee did nothing to cause the accident. The jury still needed to resolve the other issues: discernability and reaction time. Therefore, Rayot's conclusion that appellee did nothing from an accident reconstruction point of view to cause the accident did not embrace the ultimate issue. Compare McQueen v. Goldey (1984), 20 Ohio App.3d 41, 47-48
(trial court did not err in not permitting expert to testify as to the ultimate issue: the "cause of the accident and the percentage of fault of each party.")
 {¶ 21} Even if the testimony did embrace the ultimate issue, it need not have been excluded if it was "otherwise admissible." Evid.R. 704. Appellant contends that it is not otherwise admissible because it was not helpful to the jury. See Evid.R. 702(A).[3] The Ohio Supreme Court has addressed this issue, holding:
 {¶ 22} "While testimony on an ultimate issue to be decided by the trier of fact is not per se inadmissible in Ohio, it is within the sound discretion of the trial court to refuse to admit the testimony of an expert witness on an ultimate issue where such testimony is not essential to the jury's understanding of the issue and the jury is capable of coming to a correct conclusion without it." Bostic v. Connor (1988),37 Ohio St.3d 144, paragraph three of the syllabus, rehearing denied (1988),30 Ohio St.3d 711.
 {¶ 23} Here, the testimony was helpful to the jury. Accident reconstruction is a highly technical area and, after the expert has testified as to the various measurements he or she took and after coming to conclusions about the point of impact, it is helpful to a jury to know "what is all means." In this case, after hearing Rayot's testimony about which direction the bike and car were traveling and possible scenarios about how the bike came to be in the path of the car, it was helpful to the jury to know the import of this testimony. See Blanton v. Internatl.Minerals and Chem. Corp. (1997), 125 Ohio App.3d 22, 29 (trial court did not err in admitting expert testimony on an ultimate issue where the testimony helped the jury understand the import of the technical expert testimony). Additionally, since the trial court instructed the jury to give all expert testimony whatever weight the jury thought it deserved, we cannot see how allowing the testimony caused any undue prejudice to appellant. See Spetzv. Burgin (Sept. 20, 1996), 6th Dist. No. L-95-261, discretionary appeal not allowed (1997), 77 Ohio St.3d 1519
(trial court did not err in allowing expert to testify that the accident did not cause the plaintiff's injuries, particularly since the jury was instructed to give the testimony whatever weight it believed the testimony deserved). We therefore find that the trial court did not abuse its discretion in admitting Rayot's testimony about whether appellee did anything to cause the accident.
 {¶ 24} Appellant cites a Butler County Court of Appeals holding that ultimateissue testimony was impermissibly allowed in a car accident case involving a car and a pedestrian. SeeMcQueen, 20 Ohio App.3d 41, 47-48. McQueen is distinguishable. The court in McQueen testified that the ultimate issues were "who caused the accident and the percentage of fault of each party." Id. at 47. The court held that the jury was just as qualified as the expert witness (an accident reconstructionist) to determine "whether [defendant] was paying proper attention or going too fast under the circumstances, or whether [plaintiff] was paying proper attention or misjudged the speed and location of the automobile." Id. (Defendant's speed was never seriously disputed.) In this case, the testimony was much more technical than whether a party was attentive enough or whether a party's speed was excessive. Trooper Rayot's testimony involved numerous measurements, calculations of angles, examination of dents, scuff marks, and scratches, all to re-create exactly how the accident occurred. Since the expert testimony was much more technical than in McQueen, we find that the testimony in question undoubtedly aided the jury.
 {¶ 25} Even if the testimony was improperly allowed, we find that it was harmless error. Civ.R. 61 provides, in pertinent part:
 {¶ 26} "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict * * * or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."
 {¶ 27} The Ohio Supreme Court has interpreted this rule to mean that an error "does not justify reversal of an otherwise valid adjudication where the error does not affect substantial rights of the complaining party, or the court's action is not inconsistent with substantial justice." O'Brien v. Angley
(1980), 63 Ohio St.2d 159, 164. Substantial justice has been done a party despite errors in the proceedings when a reviewing court weights the errors and concludes that, had the errors not occurred, "the jury or other trier of the facts would probably have made the same conclusion." O'Brien,63 Ohio St.2d at 164-165.[4] See, also, Kilbane v. Consol. Rail Corp., 8th Dist. No. 82397, 2004-Ohio-134, at ¶ 21 (erroneous admission of evidence not reversible where jury "would probably have made the same decision").
 {¶ 28} In this case, it is undisputed that appellee neither side-swiped nor rearended appellant's bicycle, and appellant's bicycle was at some angle into appellee's path of travel at the time of impact. Appellee and his passenger testified that the accident happened in a matter of seconds; appellee testified that the bicycle was perhaps 10 to 15 feet away from him when he first saw it, and he was traveling approximately 30 miles per hour at the time. Appellee's expert, Dr. Uhrich testified that there was insufficient time for appellee to have slowed to any degree before the impact. Appellant's expert, Dr. Gunther, was the only witness to testify that appellee could have avoided this accident. There is no dispute that appellee was traveling well below the speed limit and that drugs or alcohol were not involved. It is also undisputed that, though appellant had a rear reflector on her bike and was wearing an orange shirt, she had no reflectors in the spokes and no headlight. Finally, though there was testimony that appellant customarily rode her bike on the right-hand side of the road near the berm, there was no eyewitness testimony that she did so on the night of the accident. Given the state of the evidence, we conclude that the jury probably would have come to the same conclusion even without Trooper Rayot's testimony that appellee did nothing to contribute to or cause the accident. See O'Brien,63 Ohio St.2d at 164-165. Therefore, even if the evidence in question was improperly admitted, it was harmless error. Accordingly, appellants' assignment of error is found not well-taken.
 {¶ 29} Upon due consideration, we find that substantial justice has been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the court costs of this appeal.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J., concur.
[1] Ms. Johnoff's husband, Frank Johnoff, is also an appellant. However, for ease of discussion, we shall refer to Ms. Johnoff as "appellant" and to Mr. and Mrs. Johnoff collectively as "appellants."
[2] According to appellee, the testimony to which his counsel referred was testimony from appellant's expert, Dr. Gunther. Appellant's counsel asked Dr. Gunther, over objection, whether the lack of a rear light on the bike and the lack of reflectors on the spokes were causes of the accident. Dr. Gunther answered "no" to both questions.
[3] Evid.R. 702(A) provides:
"A witness may testify as an expert if all of the following apply:
"(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons[.]"
[4] In O'Brien, the court found that substantial justice had not been done the party complaining where the trial court allowed defense counsel to question plaintiff's expert using editorial commentary in a learned treatise. Since the editorial was written "with a view toward litigation," it lacked inherent trustworthiness and was thus inadmissible. Id. at 164. The court found that the erroneous admission of this evidence deprived the plaintiffs of substantial justice. Important to the court was that the treatise was not subject to rebuttal by cross-examination. Id. at 165. Here, of course, Rayot's testimony was subject to cross-examination.