NEINAST, Appellant,

v.

BOARD OF TRUSTEES OF THE COLUMBUS METROPOLITAN LIBRARY et al., Appellees.

[Cite as *Neinast v. Bd. of Trustees of the Columbus Metro. Library,* 165 Ohio App.3d 211, 2006-Ohio-287.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–668.

Decided Jan. 26, 2006.

212

Robert A. Neinast, pro se.

Squire, Sanders & Dempsey, L.L.P., Philomena M. Dane, and Heather L. Stutz, for appellees.

PETREE, Judge.

{¶ 1} Plaintiff-appellant, Robert A. Neinast, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, the Board of Trustees of the Columbus Metropolitan Library ("the board") and Patrick Losinski, Executive Director of the Columbus Metropolitan Library. For the following reasons, we affirm the judgment of the common pleas court.

{¶ 2} Plaintiff is a member of the Society for Barefoot Living and has been going barefoot nearly continuously since mid–1997. On several past occasions, plaintiff had been asked to leave the library because he was not wearing shoes.

{¶ 3} In 2001, claiming violations of Section 1983, Title 42, U.S.Code, premised on deprivations of various constitutional rights under the United States and Ohio Constitutions, plaintiff filed a complaint in the common pleas court against the board, the former executive director of the library, and the library's assistant manager of security. The matter subsequently was rem* * *oved to federal district court, where the parties moved for summary judgment. Thereafter, the district court granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment. *Neinast v. Bd. of Trustees of the Columbus Metro. Library* (S.D.Ohio 2002), 190 F.Supp.2d 1040. From the district court's judgment, plaintiff appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed the lower court's judgment. *Neinast v. Bd. of Trustees of the Columbus Metro. Library* (C.A.6, 2003), 346 F.3d 585, certiorari denied (2004), 541 U.S. 990, 124 S.Ct. 2040, 158 L.Ed.2d 495.

{¶ 4} In 2004, in a related action against the board and the library's executive director, plaintiff sought declaratory and injunctive relief prohibiting the library from enforcing a rule, adopted in August 2004, requiring that footwear be worn in the library. The parties later moved for summary judgment. Finding permissible the board's adoption of a patron code of conduct that included a prohibition against bare feet, the common pleas court granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment. From the common pleas court's judgment, plaintiff now appeals and assigns two errors for our consideration:

## First Assignment of Error

The trial court erred by granting summary judgment to defendants/appellees the library, et al. In that it incorrectly interpreted O.R.C. Section 3375.40(H) as authorizing health and safety regulations.

## Second Assignment of Error

The trial court erred by failing to grant summary judgment to plaintiff/appellant Robert A. Neinast in that it incorrectly interpreted O.R.C. Section 3375.40(H) as authorizing health and safety regulations.

{¶ 5} Here, the gravamen of plaintiff's assignments of error concerns whether the board has authority under R.C. 3375.40(H) to require library patrons to wear footwear in the library. Because plaintiff's assignments of error are interrelated, we will jointly address them.

{¶ 6} Appellate review of a lower court's granting of summary judgment is de novo. *Mitnaul v. Fairmount Presbyterian Church*, 149 Ohio App.3d 769, 2002–Ohio–5833, 778 N.E.2d 1093, at ¶ 27. " '*De novo* review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.' " Id., quoting *Brewer v. Cleveland City Schools* (1997), 122 Ohio App.3d 378, 701 N.E.2d 1023, citing *Dupler v. Mansfield Journal* (1980), 64 Ohio St.2d 116, 119–120, 18 O.O.3d 354, 413 N.E.2d 1187, certiorari denied (1981), 452 U.S. 962, 101 S.Ct. 3111, 69 L.Ed.2d 973.

{¶ 7} Summary judgment is proper when a movant for summary judgment demonstrates that (1) no genuine issue of material fact exists, (2) the movant is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 8} Under Civ.R. 56(C), a movant bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once a movant discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293, 662 N.E.2d 264; *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 430, 674 N.E.2d 1164; Civ.R. 56(E).

{¶ 9} Under R.C. 3375.06, a board of library trustees "shall have the control and management of the county free public library, and in the exercise of such control and management shall be governed by sections 3375.33 to 3375.41, inclusive, of the Revised Code." R.C. 3375.33 provides that "[t]he boards of library trustees * * * are bodies politic and corporate, and as such are capable of suing and being sued, contracting, acquiring, holding, possessing, and disposing of real and personal property, and of exercising such other powers and privileges as

are conferred upon them by law." See, generally, *Blue Cross of Northeast Ohio v. Ratchford* (1980), 64 Ohio St.2d 256, 259–260, 18 O.O.3d 450, 416 N.E.2d 614 (recognizing that the General Assembly can delegate discretionary functions to administrative bodies and officers and holding that a statute does not unconstitutionally delegate legislative power if it establishes an intelligible principle to which the administrative body or officer must conform and if it establishes a procedure for effective review).

{¶ 10} Former R.C. 3375.40(H) [1] provided that a board of library trustees may "[m]ake and publish rules for the proper operation and management of the free public library and facilities under its jurisdiction, including rules pertaining to the provision of library services to individuals, corporations, or institutions that are not inhabitants of the county."

{¶ 11} In the present case, in August 2004, the board approved a "Customer Code of Conduct," which became effective September 1, 2004, and prohibits "[i]mproper dress, including bare feet and no shirt." According to this policy, "[l]ibrary staff are required to bring to an individual's attention any act or omission which violates the Code of Conduct and related library practices." The policy further provides that "[s]uch an individual will be asked to change his or her behavior to conform to the rules." According to the policy, "[i]f such a change is not evident or forthcoming that individual will be asked to leave the library building and library property." Additionally, under the policy, "[a]ny individual evicted from the library has the right to appeal that eviction by following the steps outlined in the Eviction Procedure."

{¶ 12} Here, the issue is whether the board's prohibition against bare feet in the library is incompatible with the board's authority under former R.C. 3375.40(H) to "[m]ake and publish rules for the proper operation and management of the free public library and facilities under its jurisdiction, including rules pertaining to the provision of library services to individuals, corporations, or institutions that are not inhabitants of the county."

{¶ 13} "It is well settled that an administrative agency has only such regulatory power as is delegated to it by the General Assembly." *D.A.B.E., Inc. v. Toledo–Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, at ¶ 38. "Authority that is conferred by the General Assembly cannot be extended by the administrative agency." Id., citing *Burger Brewing Co. v. Thomas* (1975), 42 Ohio St.2d 377, 379, 71 O.O.2d 366, 329 N.E.2d 693. However, "[a] power of a state agency may be fairly implied from an express

---

1. R.C. 3375.40 was amended by 2005 Am.Sub.H.B. No. 66, effective September 29, 2005. Division (H) was unaffected by 2005 Am.Sub.H.B. No. 66.

power where it is reasonably related to the duties of the agency." *Waliga v. Bd. of Trustees of Kent State Univ.* (1986), 22 Ohio St.3d 55, 57, 22 OBR 74, 488 N.E.2d 850, citing *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 20 O.O.3d 388, 423 N.E.2d 105.

{¶ 14} In *D.A.B.E., Inc.*, the Supreme Court of Ohio explained that " 'the limitation put upon the implied power is that it is only such as may be reasonably necessary to make the express power effective. In short, the implied power is only incidental or ancillary to an express power, and, if there be no express grant, [it] follows, as a matter of course, that there can be no implied grant.' " Id. at ¶ 39, quoting *State ex rel. A. Bentley & Sons Co. v. Pierce* (1917), 96 Ohio St. 44, 47, 117 N.E. 6. Moreover, " '[i]n construing such grant of power, particularly administrative power through and by a legislative body, the rules are well settled that the intention of the grant of power, as well as the extent of the grant, must be clear; that in case of doubt that doubt is to be resolved not in favor of the grant but against it.' " Id. at ¶ 40, quoting *State ex rel. A. Bentley & Sons Co.* at 47, 117 N.E. 6.

{¶ 15} Applying *D.A.B.E., Inc.* and *Waliga*, the board, as a body politic and corporate, has only such power as is delegated to it by the General Assembly, and the board also has power that may be fairly implied from an express power where it is reasonably related to the duties of the board. Moreover, in the event that there is doubt concerning the board's grant of power, such doubt is to be resolved against the grant of power.

{¶ 16} Notwithstanding plaintiff's contentions to the contrary, we conclude that under former R.C. 3375.40(H), the board of trustees had authority to promulgate and enforce a rule that requires footwear to be worn in the library. Former R.C. 3375.40(H) established an intelligible principle that expressly empowered the board to make and publish rules for the "proper operation and management" of the public library under its jurisdiction. The board's adoption of a code of conduct for patrons, which includes a footwear requirement for library patrons, directly concerns the proper operation and management of the public library under the board's jurisdiction and, therefore, bears a reasonable relation to the legislative purpose of former R.C. 3375.40(H). Indeed, in *Neinast v. Bd. of Trustees of the Columbus Metro. Library* (C.A.6, 2003), 346 F.3d 585, 593–594, the United States Court of Appeals for the Sixth Circuit found that protecting the safety of barefoot library patrons from documented hazards within the library and preserving the economic well-being of the library by averting potential claims by barefoot patrons who may be injured on library premises qualified as significant governmental interests.

{¶ 17} "It is axiomatic that administrative rules are valid unless they are unreasonable, or in clear conflict with the statutory intent of the legislation governing the subject matter." *Woodbridge Partners Group, Inc. v. Ohio Lottery Comm.* (1994), 99 Ohio App.3d 269, 273, 650 N.E.2d 498. Here, as previously discussed, the adoption of a rule prohibiting bare feet in the library is not in clear conflict with the statutory intent of former R.C. 3375.40(H). Furthermore, because the prohibition against bare feet in the library is related to the governmental interests of protecting barefoot library patrons from documented hazards within the library and preserving the economic well-being of the library, we cannot conclude that the prohibition against bare feet in the library is unreasonable. See, e.g., *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (stating that "[a] decision is unreasonable if there is no sound reasoning process that would support that decision").

{¶ 18} For the foregoing reasons, both of plaintiff's assignments of error contending that the common pleas court incorrectly construed former R.C. 3375.40(H) are not well taken. Accordingly, plaintiff's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

SADLER and TRAVIS, JJ., concur.