[Cite as *Neinast v. Fairfield Cty. Dist. Library Bd. of Trustees*, 2011-Ohio-6492.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERT A. NEINAST | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| BOARD OF TRUSTEES OF | : | Case No. 11-CA-26 |
| THE FAIRFIELD COUNTY | : | |
| DISTRICT LIBRARY | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court of
Common Pleas, Case No. 09-CV-0657

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     December 14, 2011

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

ROBERT A. NEINAST, Pro Se          JASON M. DOLIN
8617 Ashford Lane                        Assistant Prosecuting Attorney
Pickerington, OH  43147                Fairfield County, Ohio
                                                   239 West Main Street, Suite 101
                                                   Lancaster, OH  43130

*Delaney, J.*

{¶1} Plaintiff-Appellant Robert A. Neinast appeals the March 29, 2011 judgment of the Fairfield County Court of Common Pleas. Defendant-Appellee is the Board of Trustees of the Fairfield County District Library ("the Library").

### STATEMENT OF FACTS AND THE CASE

{¶2} In the beginning of 2008, Neinast visited the Fairfield County District Library on three occasions. Each time, Neinast was barefoot. On his fourth barefooted visit to the Library in April 2008, the Library informed Neinast it had a footwear policy and Neinast would have to leave the premises. The Library Code of Conduct, enacted April 17, 2007, states, "[s]hirt and shoes must be worn in any library facility. If a child has learned to walk, the child must wear shoes."

{¶3} On May 20, 2008, Neinast asked the Library to revoke its footwear policy. The Library refused and retained the footwear policy.

{¶4} Neinast made an oral presentation to the Library, outlining the benefits of going barefoot. On February 17, 2009, the Library again decided to retain its footwear policy.

{¶5} On May 13, 2009, Neinast filed a declaratory judgment action against the Library with the Fairfield County Court of Common Pleas. In his action, he requested the following:

{¶6} "WHEREFORE, Plaintiff Robert A. Neinast respectfully requests that this Court grant him judgment as follows:

{¶7} "(A) Declare that the Board does not have the statutory authority under the law to make regulations requiring that patrons wear shoes in the Library.

{¶8} "(B) Declare that the footwear rule infringes upon Mr. Neinast's personal liberty, is arbitrary and capricious, and does not bear a real and substantial relation to the health, safety, morals or general welfare of the public.

{¶9} "(C) Issue a permanent injunction preventing the Board of Trustees, the Director, or any other Library employee from enforcing any rule or regulation specifying that footwear must be worn in the Fairfield County District Library.

{¶10} "(D) Award Plaintiff any other legal and equitable relief to which he is entitled."

{¶11} Neinast filed a motion for summary judgment and the Library filed a Civ.R. 12(B)(6) motion to dismiss. By entry filed December 9, 2009, the trial court converted the Library's motion to dismiss into a motion for summary judgment, and gave all parties time to file their respective motion, response, and reply.

{¶12} By judgment entry filed February 16, 2010, the trial court granted summary judgment in favor of the Library. Neinast appealed the decision to this Court in *Neinast v. Fairfield Cty. Dist. Library Bd. of Trustees*, Fairfield App. No. 10-CA-11, 2010-Ohio-5569 ("*Neinast I*").

{¶13} In the trial court's decision to grant summary judgment in favor of the Library, the trial court found the Library had authority to promulgate decorum/shoes/dress rules based on Federal and Ohio precedent. The trial court then found the doctrine of collateral estoppel barred (1) Neinast's claim of infringement of his personal liberty; (2) whether the Library's footwear rule has a real and substantial relation to the health, safety, morals, or general welfare of the public; and (3) the barring of the enforcement of the Library's footwear rule.

{¶14} In *Neinast I,* we affirmed the trial court's finding that the Library had the authority to promulgate and enforce a rule relative to footwear.

{¶15} We then analyzed Neinast's argument that his claims were not barred by the doctrine of collateral estoppel based on the lack of mutuality of the parties. The trial court found Neinast's claims were estopped based on Neinast's previous unsuccessful litigation between Neinast and the Board of Trustees of the Columbus Metropolitan Library, where Neinast also argued he should be permitted to go barefoot in the library. See *Neinast v. Board of Trustees of the Columbus Metropolitan Library* (2002), 190 F.Supp.2d 1040; *Neinast v. Board of Trustees of the Columbus Metropolitan Library* (2003), 346 F.3d 585; and *Neinast v. Board of Trustees of the Columbus Metropolitan Library,* 165 Ohio App.3d 211, 2006-Ohio-287. It was undisputed the Library in the present case was not a party to the above cases.

{¶16} After analyzing the applicable law to collateral estoppel and the mutuality of interests, we held the reason or purpose for the footwear policy must be established by the individual library board. We stated:

{¶17} "We therefore determine because there is non-mutuality of parties, it was error to impose collateral estoppel. We remand this case to the trial court to determine if in fact appellee [Library] can establish reasons for the footwear rule that applies specifically to appellee. All other issues, including the authority to establish rules and the Federal Courts' holdings that a properly formulated footwear rule does not violate personal freedoms, are resolved under applicable case law.

{¶18} "* * *

{¶19} "* * * we concur that public libraries have the authority to promulgate rules and regulations as to public health and safety. This does not mean that the authority sub judice is unfettered, but requires an examination of the relationship of the shoes requirement to health and public safety." *Neinast I*, at ¶56, ¶60.

{¶20} We reversed the decision of the trial court to grant summary judgment based on collateral estoppel and ordered the case remanded to the trial court for further proceedings.

{¶21} Upon remand, the trial court set the case for an evidentiary hearing. Neinast moved to have the evidentiary hearing converted to a non-oral hearing. The trial court denied the motion, finding that the evidentiary hearing was proper pursuant to this Court's remand in *Neinast I*.

{¶22} On February 22, 2011, Neinast filed a Motion to Take Judicial Notice. Neinast moved the trial court to take judicial notice that "1) the Library is statutorily immune from liability regarding injuries on its property except for those caused by physical defects on the grounds of the Library and 2) Library patrons are licensees, and the duty of care owed to such a patron is a duty to avoid wanton, reckless, or willful conduct in disregard of the safety of such individuals."

{¶23} The trial court held an evidentiary hearing on March 8, 2011. At the beginning of the hearing, the trial court denied Neinast's Motion to Take Judicial Notice. The hearing proceeded with testimonial evidence from the Library's witnesses and from Neinast.

{¶24} On March 29, 2011, the trial court issued its decision finding that the preponderance of the evidence established the Library's footwear policy was related to

public health and safety.  The trial court thereby entered judgment in favor of the Library and against Neinast.  The trial court also denied Neinast's Motion to Take Judicial Notice.

{¶25} It is from this decision Neinast now appeals.

{¶26} Neinast raises three Assignments of Error:

{¶27} "I. THE TRIAL COURT ERRED BY NOT TAKING JUDICIAL NOTICE THAT THE LIBRARY WAS PROTECTED BY STATUTORY IMMUNITY AND THAT LIBRARY PATRONS ARE LICENSEES.

{¶28} "II. THE TRIAL COURT ERRED BY CONDUCTING AN EVIDENTIARY HEARING.

{¶29} "III. THE TRIAL COURT ERRED BY ENTERING JUDGMENT IN FAVOR OF THE DEFENDANT, BOARD OF TRUSTEES OF THE FAIRFIELD COUNTY DISTRICT LIBRARY, AND AGAINST THE PLAINTIFF, ROBERT A. NEINAST."

**I.**

{¶30} Neinast argues in his first Assignment of Error the trial court erred in denying Neinast's Motion to Take Judicial Notice.  We disagree.

{¶31}  Neinast moved the trial court to take judicial notice that "1) the Library is statutorily immune from liability regarding injuries on its property except for those caused by physical defects on the grounds of the Library and 2) Library patrons are licensees, and the duty of care owed to such a patron is a duty to avoid wanton, reckless, or willful conduct in disregard of the safety of such individuals."  Neinast cited Ohio case law to support the statements of law, but did not raise any specific cases for the trial court's attention.

{¶32} At trial, the trial court addressed Neinast's motion:

{¶33} "THE COURT: * * * The Court intends to apply the correct law, I'll say that. And what I've been asked to do is take judicial notice of law.  At least Evidence Rule 201 applies to judicial notice and that applies to judicial notice of what are called adjudicative facts, not law.  So the Court is always obligated to apply the correct law. And again, I intend to do that.  So I'll overrule the motion, but not – I'm not necessarily saying – by doing that, Mr. Neinast, I'm not necessarily saying that I'm not going to apply the law that you've cited there.  I'm not saying I am or I'm not, because what I'm going to do is hear what has to be said by everybody, take the evidence, and then – and also, the Court of Appeals has laid out what the law is and I'm to follow it.  At least that's my interpretation of the Court of Appeals' opinion.  The purpose of this hearing is for the Court to find facts and then, as I see it, apply the law that the Court of Appeals has determined.  So, to that extent, I'll overrule the motion, but I'll let everybody argue what law they want to – they think should be applied."  (T. 12-13).

{¶34} Evid.R. 201 governs the trial court's ability to take judicial notice of adjudicative facts, or the facts of the case.  Civ.R. 44.1(A)(1) governs the court's ability to take judicial notice of law.  It states, "[j]udicial notice shall be taken of the rules of the supreme court of this state and of the decisional, constitutional, and public statutory law of this state."  A court may take judicial notice of findings and judgments as rendered in other Ohio cases.  *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285, 496 N.E.2d 468; *In re Adoption of Lassiter* (1995), 101 Ohio App.3d 367, 655 N.E.2d 781.  In this case, Neinast requested the trial court to take judicial notice of two points of established Ohio law as to statutory immunity and the duties of property owners.  Neinast did not request

the trial court to take judicial notice of a specific decision rendered by an Ohio court on those points of law relevant to the issue before the court, whether the Library's footwear policy is necessary for public health and safety.

{¶35} It is well-established that a trial court is presumed to know the applicable law and apply it accordingly. See *Bush v. Signals Power & Grounding Specialists, Inc.,* Richland App. No. 08 CA 88, 2009-Ohio-5095, at ¶17. The trial court denied Neinast's motion to take judicial notice of the law, but stated it would consider Neinast's arguments and apply the law accordingly. We find no error in the trial court's decision to deny the motion to take judicial notice and proceed as such.

{¶36} Neinast's first Assignment of Error is overruled.

**II.**

{¶37} In Neinast's second Assignment of Error, he argues the trial court erred in conducting an evidentiary hearing on the matter upon remand of the case by this Court. Neinast states the trial court should have relied upon the previously filed motions for summary judgment to make its decision upon remand. We disagree.

{¶38} Neinast brought this matter before the trial court through a declaratory judgment action without a jury demand. The trial court granted summary judgment in favor of the Library on two issues: that the Library had authority under Ohio and Federal law to promulgate a footwear policy and Neinast's claim against the footwear policy was barred under the doctrine of collateral estoppel. Upon Neinast's appeal, we found summary judgment in favor of the Library was inappropriate. We agreed in *Neinast I* that the Library had the authority to promulgate the footwear policy, but the doctrine of collateral estoppel did not apply to Neinast due to the non-mutuality of the parties. We

remanded the matter to the trial court to take further evidence on the issue of whether the Library could establish reasons its footwear policy was necessary for public health and safety. Upon remand, the trial court conducted a hearing to take evidence to determine whether the Library could establish reasons for its footwear policy.

{¶39} Because we determined summary judgment was inappropriate in this declaratory judgment action, we find the trial court's use of an evidentiary hearing after remand to be appropriate based on our directive in *Neinast I*.

{¶40} Neinast's second Assignment of Error is overruled.

**III.**

{¶41} Neinast contends in his third Assignment of Error that the trial court erred in granting judgment in favor of the Library. Based on the evidence presented, we find the trial court's decision that the Library established reasons the footwear policy applied to the Library and promoted public health and safety is supported by competent, credible evidence.

{¶42} As stated above, the case was remanded to the trial court to determine if the Library could establish reasons for the footwear policy that applied specifically to the Library. The trial court conducted an evidentiary hearing where an expert in the field of epidemiology, the Library Director, two Library Board members, and Neinast testified. At the conclusion of the hearing, the trial court issued a decision on March 29, 2011 stating the Library demonstrated by a preponderance of the evidence that the Library's footwear policy was related to public health and safety. In its decision, the trial court cited to the testimony of the Library's expert regarding the existence of pathogens on the Library surfaces, including the floors. A person wearing shoes has a lower risk of

acquiring and transmitting the pathogens located on the floors than a person not wearing shoes. The trial court also referred to the recorded hazards located on the floors of the Library that at times have included blood, feces, urine, vomit, saliva, staples, and broken glass.

{¶43} Our review of the record shows the trial court's decision is supported by the evidence presented. The Library's footwear policy was first issued in 1997. (T. 244). The purpose of the footwear policy, as part of a Code of Conduct, was to maintain proper decorum in the Library, prevent injury to its patrons, to prevent staff time in responding to injuries at the Library, and to limit the Library's liability for any potential injury claims. (T. 134, 147). The Library has recorded instances of blood, feces, vomit, urine, and saliva on the floor of the Library. (T. 115-119). There has also been glass and staples on the floor. (T. 117). Neinast presented his testimony that he had never suffered an injury during his barefooted forays and gave examples of where Neinast has tread unshod. As the Library's expert testified however, the issue is not the individual risk, but the risk to the community that must be considered in determining whether the Library's policy is reasonable. (T. 87).

{¶44} We find the evidence showed the Library's footwear policy is related to the governmental interests in preventing injuries to its patrons from documented hazards within the Library, as well as to protect the economic interests of the Library. We cannot say the Library's footwear policy is unreasonable or the trial court's decision was in error. See *Neinast v. Bd. of Trustees of the Columbus Metro. Library*, 2006-Ohio-287, ¶17.

{¶45} Neinast's third Assignment of Error is overruled.

{¶46} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


ROBERT A. NEINAST                          :
                                           :
    Plaintiff-Appellant                    :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
BOARD OF TRUSTEES OF THE                   :
FAIRFIELD COUNTY DISTRICT                  :
LIBRARY                                    :
                                           :
    Defendant-Appellee                     :          CASE NO. 11-CA-26


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.

Costs to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER